**UNITED STATES of America**

v.

**EER SYSTEMS CORPORATION, et al.**

Civil No. AW–96–1014.

United States District Court,
D. Maryland.

Nov. 20, 1996.

Lynne A. Battaglia, United States Attorney, and Donna C. Sanger, and Perry Sekus, Assistant United States Attorneys, for Plaintiff.

Timothy F. Brown, and Charles E. Raley, McLean, VA, for defendants EER Systems Corporation and Jai N. Gupta.

Scott M. Badami, and J. Michael Cooper, Washington, DC, for defendant Prekimi Tawari.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently pending before the Court for consideration are Defendants' Motions to Dismiss. Plaintiff has filed a response to which Defendants have replied. The Court finds that no hearing is necessary. Local Rule 105.6 (D.Md.).

## I. BACKGROUND

Plaintiff, the United States of America ("U.S.")[1] entered into a number of contracts with defendant EER Systems Corporation ("EER"). Compl. at ¶ 11. During the time of the events in question, EER furnished engineering design and integration, including the assembly of space launched vehicles. Id. at ¶ 9. Plaintiff alleges that defendants Jai N. Gupta ("Gupta"), EER's President and Prekimi Tawari ("Tawari"), EER's Vice President, in conjunction with EER "directed the mischarging of [direct] labor time" from two "firm fixed price" contracts[2] coded internally as "CG–02" and "N–36" to an overhead account labeled as "OH–1."[3] Compl. at ¶¶ 17–30. Plaintiff alleges further that once Defendants had improperly charged those direct labor hours to the OH–1 account, they caused the charges to the OH–1 account to be spread over a number of other government cost-reimbursement contracts.[4] Id. Then the "artificially inflated" charges to the OH–1 account were allegedly submitted by Defendants to Plaintiff for payment. Id. Additionally, Plaintiff alleges that Defendants "directed" some employees to charge their direct labor time from the N–36 contract to another cost-reimbursement contract coded internally as "CG03". Compl. at ¶ 29. The mischarges in the CG03 contract was allegedly submitted for payment to Plaintiff by Defendants, and Plaintiff allegedly paid. Id. at ¶ 30.

Plaintiff alleges further that beginning in the second quarter of 1990, a number of defendant EER's employees who normally would properly charge their time to the OH–1 account were "instructed to start [improperly] charging their time to the 'OH–5' account.[5] Compl. at ¶ 34. Defendants then allegedly caused the charges to the OH–5 account to be spread over a number of other government cost-reimbursement contracts that were unconnected to the OH–1 account. Plaintiff claims that Defendants subsequently presented the "artificially inflated" overhead charges to Plaintiff for payment. Id. at ¶ 35.

Also, Plaintiff avers that during the final weeks of another contract between Plaintiff and Defendants known as the "LABCOM" contract, Defendants "improperly shift[ed] indirect labor cost to the LABCOM contract which were not directly attributable to [it]." Id. at ¶¶ 37–38. Then Defendants allegedly caused the charges to be presented for payment by Plaintiff. Id. at ¶ 38.

Plaintiff filed the instant action with this Court on April 3, 1996. It alleges seven

---

1. Plaintiff is suing on behalf of the Departments of Transportation and Defense and the National Aeronautics and Space Administration.

2. This type of contract states a price that is not subject to any changes no matter the contractor's cost experience in performing the contract. Compl. at ¶ 12.

3. In ERR's internal accounting system, the OH–1 account is designated for particular costs associated with Systems Engineering, but not charges for direct labor hours performed by employees on fixed price contracts. Compl. at ¶¶ 21, 27.

4. This type of contract provides for the payment of certain costs incurred by the contractor. Those costs include actual labor hours required to fulfill the contract and certain indirect charges for costs such overhead. Compl. at ¶ 13.

5. The OH–5 account was labeled as "AN/TSQ" in defendant EER's internal accounting system. Compl. at ¶ 33. Overhead charges for particular indirect costs attributed to a certain field office of defendant EER were to be charged to this account. Id.

counts against Defendants: (1) violation of the False Claims Act; (2) False Claims Act—conspiracy; (3) common law fraud (4) negligent misrepresentation; (5) breach of contract; (6) payment under mistake of fact; and (7) unjust enrichment. The Court will consider the claims below.[6]

## II. *Discussion*

### A. *Standard of Review*

Under Fed.R.Civ.P. 12(b)(6), a court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, "all allegations in the [complaint] are taken as true and all contravening allegations are taken to be false." *See generally* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 at 520 (1990).

### B. *Count I and III—False Claims Act and Common Law Fraud*

■ Defendants EER, Gupta, and Tawari contend that Plaintiff's claims under Count I, II, and III must be dismissed for a failure to state each claim with particularity under Fed.R.Civ.P. 9(b). Plaintiff argues that it has pled each claim with the requisite amount of specificity under Rule 9(b). Additionally, it argues that the particularity requirement under Rule 9(b) should not be read to "provide [D]efendants with a substitute for civil discovery."

Plaintiff has alleged sufficient specificity with respect to the time, place, and content of the false representations under Rule 9(b). However, the Court believes Plaintiff's complaint fails to: (1) name the person(s) who made the representations; (2) specifically state what he or she did; and (3) state what he or she acquired as a result of the representations. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297 at 590 (1990). Therefore, the Court

will grant Defendants' Motions to Dismiss Count I and III, but will permit Plaintiff leave to file an amended complaint as to those counts within (15) days of the Order.

### C. *Count II—Conspiracy*

Defendants argue that Count II must be dismissed based on the general rule that a corporate defendant cannot conspire with its representatives and agents. Specifically, Defendants contend that because Gupta and Tawari are officers of defendant EER who have acted within those roles, defendants Gupta and Tawari act as the corporate entity. Therefore, one cannot conspire with oneself. Additionally, Defendants contend that Plaintiff has not alleged any act by Gupta or Tawari which shows that either has acted outside their roles as officers.

Plaintiff maintains that it has alleged facts that fit within the exceptions of the general rule that officers or agents cannot conspire with the corporation. Therefore, Plaintiff argues that Count II should stand against Defendants until after the parties have conducted adequate discovery.

■ The law is well established that a corporation cannot conspire with officers or agents. *See Marmott v. Maryland Lumber Company, et al.,* 807 F.2d 1180, 1184 (4th Cir.1986). However, there are two exceptions to this general rule. One exception is "where [the officer or] agent has an 'independent personal stake in achieving the corporations's legal objective.'" *Yates v. Hagerstown Lodge No. 212 Loyal Order of Moose,* 878 F.Supp. 788, 802 (D.Md.1995). The other exception is where the acts of the officers were unauthorized by the corporate defendant. *Id.*

■ Plaintiff has failed to allege facts under either exception. Plaintiff's complaint does not claim that defendants Gupta or Tawari had an "independent personal stake." Additionally, the complaint contains no charges that defendants Gupta or Tawari

---

**6.** Although defendants Gupta and Tawari filed a Motion to Dismiss separate from defendant EER, the arguments from each Memorandum in support of the motions are nearly identical. In addition, defendants Gupta and Tawari refer-

ences the Court, at least once, to defendant EER's argument with respect to Count V. Therefore, Defendants' argument will be referred to collectively when appropriate.

acted in a manner unauthorized by defendant EER. Moreover, Plaintiff's lone belief that defendants Gupta and Tawari have ownership interests in defendant EER is not enough to show that they had an "independent personal stake."

The Court believes that it is necessary for Defendants to know the nature of the conspiracy alleged against them in order to fully defend themselves. Because Plaintiff has failed to adequately plead a conspiracy claim, the Court must dismiss it. However, upon the completion of adequate discovery by both parties, if there are facts suggesting the viability of this claim, the Court will consider a motion by Plaintiff to amend the complaint to include it. Based on the above, Defendants' Motions to Dismiss Count II will be granted.

### D. *Count IV, VI and VII—Common Law Claims*

Because Plaintiff has stated in its Memorandum that Count VI and VII are charged against defendant EER only,[7] the Court will first address Plaintiff's claims of Counts IV, VI, and VII against defendant EER. Then the Court will deal with Count IV as charged against defendants Gupta and Tawari.

Defendant EER maintains that the equitable claims in Counts IV, VI, and VII are barred because the government does have adequate relief at law. Plaintiff argues that the common law claims are pled in the alternative. Thus, Plaintiff should be allow to continue with these counts in the complaint.

█ The Court believes that Counts IV, VI, and VII against defendant EER should be dismissed. Because the above common law counts are quasi-contractual or tort based, they are inappropriate claims when there is an express contract. *United States ex rel. Mayman v. Martin Marietta Corp.,* 894 F.Supp. 218, 225 (D.Md.1995). In this case, Plaintiff has adequately alleged the existence of the contracts at issue. Compl. at ¶¶ 17, 23, 36. Additionally, defendant EER has not contested the existence of the contracts. EER Mem. at 23. Therefore, Counts IV, VI, and VII must be dismissed.

█ With respect to Plaintiff's claim of Count IV against defendants Gupta and Tawari, the Court likewise believes it should be dismissed. In order to establish a cause of action for negligent misrepresentations, Plaintiff must show that: (1) "[D]efendant[s], owing a duty of care to [P]laintiff, negligently assert[ed] a false statement; (2) [D]efendant[s] intend[ed] that [their] statement [would] be acted upon by [P]laintiff; (3) [D]efendant[s] ha[d] knowledge that [P]laintiff [would] probably rely on the statement, which, if erroneous, [would] cause loss or injury; (4) [P]laintiff, justifiably [took] action in reliance on the statement; and (5) [P]laintiff suffer[ed] damage proximately caused by [D]efendant[s]' negligence." *Sempione v. Provident Bank of Maryland,* 75 F.3d 951, 963 (4th Cir.1996). Here, Plaintiff has not alleged the requisite first element of its claim. It has not asserted a duty of care owed to it by either defendants Gupta or Tawari.

█ In a case, such as this, where Plaintiff has alleged economic loss only, an "intimate nexus" must exist between Plaintiff and defendants Gupta or Tawari in order to show a duty of care. *Id.* An "intimate nexus" can be established by showing "contractual privity or its equivalent." *Id.* In its complaint, Plaintiff does not allege contractual privity between it and defendants Gupta or Tawari. Indeed, Plaintiff states in its Memorandum that its breach of contract claim is against defendant EER only. Plaintiff's Op.'n at 2. Therefore, Plaintiff has not asserted contractual privity or its equivalent. As a result, Count IV must be dismissed against defendants Gupta and Tawari.

### E. *Count V—Breach of Contract*

█ Defendant EER claims that this Court lacks subject matter jurisdiction over Count V because the claim is governed by the Contracts Dispute Act ("CDA"). Plaintiff refutes defendant EER's argument.

Initially, the Court must address defendant EER's contention that Plaintiff's breach of contract claim is controlled by the Contract Disputes Act ("CDA"), 41 U.S.C.

---

7. Plaintiff's Op.'n at 2.

§ 605(a). As a result, defendant EER argues that this Court lacks subject matter jurisdiction over it.

The pertinent language of § 605(a) of the CDA reads:

All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. Each claim by ... the government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim. The preceding sentence does not apply to a claim by the government against a contractor that is based on a claim by the contractor involving fraud.... This section shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud.

■ The last sentence of § 605(a) expresses Congress' intent that all government contract disputes involving fraud were not to be affected by the CDA. *See Martin Marietta*, 894 F.Supp. at 224. Because Plaintiff is claiming fraud on the part of Defendants in several of the counts, the CDA is inapplicable. *Id.* Therefore, this Court does have subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1367(a) over Count V and Plaintiff's other common law claims which are based on Defendants' alleged fraudulent actions.

However, the Court believes that Plaintiff's complaint should better detail the terms of the contracts that were allegedly breached by defendant EER. Inasmuch as the Court has permitted Plaintiff leave to amend its complaint to include other requisite allegations, the Court likewise will allow Plaintiff to amend Count V. Additionally, Plaintiff must amend its complaint to show that Count V is charged against defendant EER only.

### III. *Conclusion*

For the reasons set forth above, Defendants' Motions to Dismiss Counts II and IV are granted. Additionally, defendant EER's Motion to Dismiss Count V, VI and VII is denied as to Count V and granted as to Counts VI and VII.

Also, Defendants' Motions to Dismiss Counts I and III are granted. However, Plaintiff is permitted leave to file an amended complaint within (15) days of the Order. The complaint should also be amended as to Count V.