State of CALIFORNIA, ex rel. Louis H. MUELLER, Plaintiff,

v.

WALGREEN CORPORATION, Defendant.

No. C 96–2589 SBA.

United States District Court, N.D. California.

June 18, 1997.

Patrick J. Coughlin, John J. Stoia, Milberg Weiss Bershad Hynes & Lerach, L.L.P., San Diego, CA, for Plaintiff.

Robert P. Mallory, James Grant, McDermott, Will & Emery, Los Angeles, CA, for Defendant.

## ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION

ARMSTRONG, District Judge.

This matter comes before the Court on plaintiff's Ex Parte Application for an Extension of Time in Which to File its First Amended Complaint and for an Order Compelling Defendant to Produce Discovery. Having read and considered all papers filed in connection with these matters, and being fully informed, the Court DENIES plaintiff's Ex Parte Application.[1]

### BACKGROUND

*Qui tam* plaintiff Louis Mueller filed the instant action against defendant Walgreen Co. ("Walgreen") on February 23, 1996 alleging, *inter alia,* two causes of action under the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650–55. On May 27, 1997, this Court granted defendant's Motion for Judgment on the Pleadings, finding that plaintiff's CFCA claims failed to alleged fraud with particularity as required under Federal Rule of Civil Procedure 9(b). However, the Court granted plaintiff leave to amend his complaint to cure the defects noted in the Court's order by no later than June 16, 1997. Plaintiff received a copy of this order on May 29, 1997. (Pl.'s Mot. at 1 n. 2.)

Plaintiff now moves the Court for an extension of time in which to file its First Amended Complaint and an order compelling the defendant to produce discovery pursuant to plaintiff's First Request for Production of Documents, which was served upon defendant on November 22, 1996. Defendant op-

1. Pursuant to Civil Local Rule 7–1(b), the Court adjudicates the instant motion without oral argument.

poses both requests set forth in plaintiff's ex parte application.

## DISCUSSION

### I. Plaintiff's Request for an Extension of Time

■ According to plaintiff, the Court's deadline for filing a First Amended Complaint "is too short, due to other pending matters" apparently occupying plaintiff's counsel. (Pl.'s Mot. at 1–2.) Plaintiff further contends that by imposing a June 16, 1997 filing deadline, "the Court has in effect precluded plaintiff from conducting any discovery, prior to filing his First Amended Complaint. An extension of time, until August 15, 1997, would permit plaintiff an opportunity for discovery, and allow plaintiff to cure the perceived defects of the original Complaint." (*Id.* at 3.)

The Court is not persuaded by plaintiff's arguments. First, the Court finds that its May 27, 1997 Order sets forth a reasonable period of time in which to require plaintiff to file his First Amended Complaint. This order was filed on May 27, 1997, permitting plaintiff twenty days in which to draft and file a First Amended Complaint. Although plaintiff did not receive a copy of the Order until May 29, 1997, he nonetheless had *eighteen days* in which to cure the defects noted in the Court's Order. *Compare United States v. EER Systems Corp.,* 950 F.Supp. 130, 132 (D.Md.1996) (permitting United States fifteen days from date of court order in which to cure Rule 9(b) deficiencies); *United States. ex rel. Sanders v. East Alabama Healthcare Authority,* 953 F.Supp. 1404, 1410 (M.D.Ala.1996) (permitting *qui tam* plaintiff seeking to allege conspiracy under the False Claims act fourteen days in which to file an amended complaint); *Toner v. Allstate Ins., Co.,* 821 F.Supp. 276, 286 (D.Del.1993) (permitting *qui tam* plaintiff twenty days in which to cure Rule 9(b) deficiencies). The fact that plaintiff's counsel was occupied with other "pending matters" does not convince the Court that an extension of time in which to file a complaint in this matter is warranted.

Second, in granting leave to amend, the Court did not intend to permit plaintiff to engage in formal discovery in order to cure the Rule 9(b) deficiencies noted in the May 27, 1997 Order. Indeed, one purpose of Rule 9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery of unknown wrongs. *See Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985); *Washington v. Baenziger,* 673 F.Supp. 1478, 1482 (N.D.Cal.1987). As with other claims alleging fraudulent conduct, a claim for relief under the California False Claims Act requires that the plaintiff, *prior to filing his claim,* possess a reasonable belief based upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong. *See United States, ex rel. Stinson v. Blue Cross Blue Shield,* 755 F.Supp. 1040, 1052 (N.D.Ga. 1990); *Semegen,* 780 F.2d at 731.

Finally, the Court finds that extending the time in which plaintiff may file his First Amended Complaint to August 15, 1997 is unwarranted given the lengthy period in which plaintiff has been notified of defendant's challenge to the sufficiency of his pleadings. In *United States, ex rel. Joseph v. Cannon,* 642 F.2d 1373, 1386 (1981), the Court of Appeals for the District of Columbia upheld the district court's dismissal of a False Claims Act complaint despite plaintiff's request "to obtain facts by discovery." There, the Court of Appeals sustained the district court's dismissal pursuant to Rule 9(b) because the plaintiff

> had more than eleven months from June 7, 1977, when [defendants] filed their motion to dismiss, until May 25, 1978, when the District Court issued its dismissal order to remedy the deficiencies in the original pleading.

*Id.*

In this case, Walgreen initially filed its Motion for Judgment on the Pleadings on November 22, 1996. On December 12, 1996, the Court stayed this motion pending the Magistrate Judge's ruling on certain discovery matters. Defendant renoticed its Motion for Judgment on the Pleadings on February 10, 1997, after the pending discovery disputes had been resolved. Thus, plaintiff has been

aware of potential defects with respect to its False Claims Act allegations since at least November 22, 1996 and has had approximately six and one-half months in which to remedy the deficiencies in the original pleading.

Under these circumstances, the Court finds that an extension of time in which to file a First Amended Complaint is not warranted. Accordingly, plaintiff's Ex Parte Application for an Extension of Time is DENIED.

## II. *Plaintiff's Request for an Order Compelling Discovery*

 Plaintiff further requests that the Court issue an order compelling defendant to produce documents requested in plaintiff's First Request for Production of Documents, served upon defendant Walgreen on November 22, 1996. According to plaintiff, his Request for Production "seek[s] documents concerning plaintiff's allegations of fraud relating to the Medi–Cal billing, perpetrated by defendant, within its pharmacy operations in the State of California." (Pl.'s Mot. at 1.)

As noted above, neither the California False Claims Act nor Rule 9(b) contemplates permitting a plaintiff to engage in formal discovery at the pleading stage in order to substantiate his generalized allegations of fraud.

Moreover, the Court is not persuaded by plaintiff's contention that he is entitled to engage in discovery prior to filing his First Amended Complaint because "defendant is the only reasonable source of the literally thousands of [short-filling] transactions which occurred during the class period." (Pl.'s Mot. at 4.) As noted in this Court's May 27, 1997 Order, an exception to Rule 9(b)'s heightened pleading standard exists where pertinent information is exclusively within the defendant's knowledge or possession. Under these circumstances, a plaintiff may plead some elements of fraud based upon information and belief, provided that he set forth a factual basis upon which his belief is reasonably founded. (*See* Order dated 5/27/97 at 8.)

However, for the reasons set forth in its previous order, the Court is not convinced that plaintiff is prevented from pleading fraud with sufficient particularity without formal discovery or that all pertinent information is within the exclusive control of the corporate defendant. (*See* Order dated 5/27/97 at 8.) Accordingly, the Court finds that plaintiff's Ex Parte Application for an Order Compelling Discovery is DENIED.

IT IS SO ORDERED.