**UNITED STATES of America ex rel. Alan FELTON and ex rel. Phillips, USA, Inc., Plaintiffs,**

v.

**ALLFLEX USA, INC., Defendant.**

**Slip Op. 97–167.**

**Court No. 97–04–00557.**

United States Court of International Trade.

Dec. 3, 1997.

Frank W. Hunger, Assistant Attorney General, Michael F. Hertz, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Joan E. Hartman and Allie Pang) for plaintiff.

Carr, Korein, Tillery, Kunin, Montroy, Cates & Glass (Robert L. King) for relators.

Blakely, Sokoloff, Taylor & Zafman (C. Dickinson Hill and Dennis G. Martin) for defendant.

### OPINION

RESTANI, Judge.

This matter was originally transferred to this court from the United States District

Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631 (1994), following that court's finding that it lacked jurisdiction over the case. Plaintiffs Alan Felton and Phillips USA, Inc. (collectively "Relators") seek retransfer for lack of subject matter jurisdiction. The United States supports retransfer. Defendant Allflex USA, Inc. ("Allflex") challenges the motion to retransfer.

### Background

In 1995, Relators filed this action against Allflex under the False Claims Act, 31 U.S.C.A. §§ 3729–3733 (West Supp.1997), in district court. In their complaint, Relators alleged that Allflex avoided paying customs duties by falsely classifying veterinary syringes, which are subject to duty, as agricultural implements, which are not subject to duty. Relators were authorized under 31 U.S.C.A. § 3730(b)(1) (West Supp.1997) to bring this *qui tam* action "in the name of the Government." The Government, however, has the right to intervene in the action. 31 U.S.C.A. § 3730(b)(2). Although the Government declined to intervene, Relators pursued the case on their own initiative, as permitted under 31 U.S.C.A. § 3730(b)(4)(B).

On November 26, 1996, the district court ruled that it did not have subject matter jurisdiction over this case because the underlying dispute involved customs fraud under 19 U.S.C. § 1592 (1994) and was therefore within the exclusive jurisdiction of this court. *United States ex rel. Alan Felton and ex rel. Phillips USA, Inc. v. Allflex USA, Inc.,* No. 95–0653–CV–W–9, at 13 (W.D.Mo. Nov. 26, 1996), Allflex Ex. B, at 13. Although Allflex had sought a dismissal for lack of subject matter jurisdiction, the district court accepted Relators' request to transfer the case to this court, pursuant to 28 U.S.C. § 1631. *Id.* at 14–16. The district court also denied Allflex's alternative motion to transfer the case to another district court. *Id.* at 16.

### Discussion

This case requires the court to examine the relationship between the False Claims Act and the jurisdiction of the Court of International Trade under 28 U.S.C. § 1582 (1994). Relators claim that this court should retransfer this case to the district court because False Claims Act cases are within the exclusive jurisdiction of the district courts. In any event, Relators and the Government argue, this case does not fall within the Court of International Trade's subject matter jurisdiction because this action is not "commenced by the United States," as mandated by 28 U.S.C. § 1582. Allflex argues that, even if this action does not fall within the court's jurisdiction as expressed in § 1592, this action was effectively "commenced by the United States," and this court should retain jurisdiction because resolution of the underlying conflict requires an analysis of customs classification, one of the tasks for which this court was established. The issues before the court, therefore, are the following: whether False Claims Act cases fall within the exclusive jurisdiction of the district courts, and if not, whether this court has subject matter jurisdiction over the case under 28 U.S.C. § 1582.

In addressing these claims, the court begins with an examination of the applicability of "law of the case" principles to this case, finding that the deference owed to a coordinate court's decision to transfer a case is contingent on this court having subject matter jurisdiction. The court finds it is unnecessary to resolve whether the False Claims Act provides for exclusive jurisdiction in district courts. Rather, the court analyzes this case under the jurisdictional requirements of 28 U.S.C. § 1582 and determines that even if the district court did not have exclusive jurisdiction under the False Claims Act, this court would not have subject matter jurisdiction over this case because it was not "commenced by the United States." In light of the lack of subject matter jurisdiction, the court finds the case must be retransferred to the District Court for the Western District of Missouri.

### I. Law of the Case

Relying on the Supreme Court's decision in *Christianson v. Colt Industries,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), Allflex notes that the court must observe the significant deference owed a coordinate

court's decision to transfer a case for lack of jurisdiction, identifying the ruling of the district court, and in particular, its finding that this action was "commenced by the United States," as the "law of the case." If this court "can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Christianson,* 486 U.S. at 819, 108 S.Ct. at 2179. The United States responds that when a court receives a case transferred from another court, but over which the court has no jurisdiction, the court is obligated, despite the deference mandated by *Christianson,* to ensure that the case is retransferred to the court with proper jurisdiction over the matter. *Simanonok v. Simanonok,* 918 F.2d 947, 952–53 (Fed.Cir.1990); *Rodriguez v. United States,* 862 F.2d 1558, 1560 (Fed.Cir. 1988).

▇▇▇ Allflex correctly recognizes that this court must accept the transferred case if the decision of the district court was "plausible." Inherent in the principle that the district court's decision need only be plausible, however, is the possibility that it is *implausible.* Establishing plausibility therefore requires that this court examine its jurisdiction to determine whether the transfer was proper. *See Simanonok,* 918 F.2d at 952 (reviewing the jurisdictional basis upon which the coordinate court transferred the action); *see also Rodriguez,* 862 F.2d at 1560. In fact, *Christianson* itself acknowledges that an examination of the jurisdictional issue which results in a finding that the court has no jurisdiction mandates a decision to retransfer:

> [E]ven if the Seventh Circuit's decision was law of the case, the Federal Circuit *did not exceed its power* in revisiting the jurisdictional issue, and once it concluded that the prior decision was "clearly wrong" it was *obliged to decline jurisdiction.*

486 U.S. at 817, 108 S.Ct. at 2178 (emphasis added); *accord Simanonok,* 918 F.2d at 952–53; *Rodriguez,* 862 F.2d at 1560. Therefore,

while the decision to transfer will be upheld by this court if supported by a "plausible" basis, this court must nevertheless engage in its own jurisdictional analysis to determine the plausibility of the district court's ruling.

## II. False Claims Act and the Jurisdiction of District Courts

Relators point to 31 U.S.C.A. § 3732(a) (West Supp.1997)[1] as authority for the proposition that False Claims Act cases are within the exclusive jurisdiction of the district courts. The Federal Circuit has addressed this issue. In *LeBlanc v. United States,* 50 F.3d 1025, 1031 (Fed.Cir.1995), the court stated that False Claims Act cases are within the exclusive jurisdiction of the district courts. In that case plaintiff filed suit in the United States Court of Federal Claims, asserting that the Government had interfered with his *qui tam* suit and that he was therefore entitled to damages. *Id.* at 1030–31. First, the court found that the Court of Federal Claims has no jurisdiction over tort claims. *Id.* at 1030. In what is apparently an alternative holding, the court noted that deciding the validity of the allegation required the plaintiff to prove that his False Claims Act suit would have been successful, but for the Government's interference. *Id.* at 1031. Citing 31 U.S.C. § 3732(a), the court stated the Court of Federal Claims (and, therefore, the Federal Circuit) "has no authority to make that determination because *qui tam* suits may only be heard in the district courts." *Id.; accord Stinson, Lyons & Bustamante, P.A. v. United States,* 79 F.3d 136, 138 (Fed.Cir.1996); *Lloyd v. United States,* No. 96–580T, 1997 WL 580611, at *2 (Fed.Cl. Sept.18, 1997). Allflex, supported by the Second Circuit's recent decision in *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.,* 110 F.3d 861, 866–68 (2nd Cir.1997), argues that § 3732(a) governs venue *only* and does not establish which court has subject matter jur-

1. Section § 3732(a) provides:

**Actions under section 3730.**—Any action under section 3730 [providing for civil suits based on the False Claims Act] may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 [identifying false claims] occurred.. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

31 U.S.C.A. § 3732(a).

isdiction. While the reasoning of *Thistleth-waite* has some appeal, this court may be bound by the *LeBlanc* line of cases. Whether the statements of the Federal Circuit relied on by relators are *dicta*, rather than binding holdings, need not be resolved here, because this court has no jurisdiction in any case.

## III. CIT's Jurisdiction Over This Case Under 28 U.S.C. § 1582

Even if the Federal Circuit's decision in *LeBlanc* and its progeny are not binding, and concurrent jurisdiction over False Claims Act cases may exist, the decision to retransfer the case to the District Court for the Western District of Missouri is mandated by the clear language of 28 U.S.C. § 1582.[2]

### A. "Commenced by the United States"

The threshold requirement for any case falling under this court's jurisdiction pursuant to 28 U.S.C. § 1582 is that it be "commenced by the United States." Only after meeting this requirement will the court inquire into the applicability of the various bases of jurisdiction identified in 28 U.S.C. § 1582(1)-(3). Relators and the Government argue that *qui tam* suits under 31 U.S.C.A. § 3730(b), such as the present case, are not "commenced by the United States" for the purposes of this court's jurisdiction because the Government may only choose to become a party after the suit has been "brought" by a private actor. Allflex relies primarily on the Fourth Circuit's decision in *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46 (4th Cir.1992), as support for its contention that the United States is the real party in interest in a *qui tam* suit. As will be demonstrated, the court does not find that classifying the United States as the real party in interest necessarily leads to the conclusion that the United States "commenced" the suit for the purposes of § 1582.

The court first looks to the statutory requirements for *qui tam* suits to ascertain whether the Government has "commenced" such a suit. The most relevant provision, 31 U.S.C.A. § 3730(b)(1), states that "[a] *person* may *bring* a civil action ... for the *person* and for the United States Government." The language is clear: the statute distinguishes the one who "brings" the case from the beneficiary "for" whom the case is brought. The action is *brought by* the "person," in the *name of* the Government. The action is brought for, not by the Government. In fact, the Government does not receive notice of the suit until *after* the complaint is filed, 31 U.S.C.A. § 3730(b)(2), at which point the suit has already been "commenced" (albeit in camera). Should the Government elect to intervene in the action, as authorized by 31 U.S.C.A. § 3730(b)(2), it will "conduct[ ]" the suit from that point onward, 31 U.S.C.A. § 3730(b)(4)(A), indicating that before that point, the suit is "conducted" by someone else, clearly the private party.

The remaining subsections of 31 U.S.C.A. § 3730 provide additional support for the proposition that the "commencement" of a *qui tam* suit is undertaken by the private party, not the Government. First, the statute specifically allows the Government to "proceed" with the action without being bound by the acts of the private party who filed the complaint: 31 U.S.C.A. § 3730(c). The fact that the Government is not held responsible for actions taken prior to Government intervention reflects the lack of control the Government holds over the private party and, thus, the initial filing of the suit.

---

**2.** Allflex also argues that False Claims Act cases based on underlying accusations of customs fraud are within the exclusive jurisdiction of this court because such issues constitute "matters within the jurisdiction of the Court of International Trade." *See* 28 U.S.C. § 1353(a) (1994). Such matters are specifically excepted from the jurisdiction of the district courts. *Id.* That provision only exempts from the jurisdiction of district courts those matters which are within this court's jurisdiction *"under section 1582 of this title." Id.* (emphasis added). Therefore, in accordance with the unambiguous text of the statute, the court may not have jurisdiction over a case which, but for the proviso, would be within the jurisdiction of the district court, if it does not meet the requirements of § 1582. *See Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 873, 111 S.Ct. 2631, 2635, 115 L.Ed.2d 764 (1991) ("When we find the terms of a statute unambiguous, judicial inquiry should be complete except in rare and exceptional circumstances.").

Second, in providing for the relator to receive a portion of the final award, the statute acknowledges that the private party is responsible for having "brought" the suit, 31 U.S.C.A. § 3730(d)(1), wording which the court finds equivalent to "commenced," as used in § 1582. In addition, throughout the provision, the relator is identified as the "person *initiating* the action," see 31 U.S.C.A. § 3730(c)(2)(A)-(D) and § 3730(c)(3)-(5), also synonymous with the "commence[ment]" requirement of § 1582. While not using the identical language of this court's jurisdictional statute, the provision clearly contemplates the private party as the one who "commenced" the action, and the Government as the party who may join and assume responsibility for the suit at a later time.

Although Allflex relies heavily on cases in other jurisdictions identifying the United States in *qui tam* actions as the "real party in interest," it does not necessarily follow from this classification that no other party may file a claim independently of the real party in interest. The cases cited by Allflex acknowledge the United States as the real party in interest in *qui tam* actions, *United States ex rel. Hall v. Tribal Development Corp.*, 49 F.3d 1208, 1212–13 (7th Cir.1995); *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir.1994); *Milam*, 961 F.2d at 50, but they do not ignore the fact that the private party also has its own interests in the outcome of the action, interests which serve as the motivation for individuals to act as private attorneys-general in this context. For example, in noting that the Government must have suffered in-

jury for purposes of standing in *qui tam* suits because it is the "real plaintiff," the court in *Hall* emphasized that the "individual relator['s] . . . only motivation in bringing the suit is to recover a piece of the action given by statute." 49 F.3d at 1212. Likewise, in *Killingsworth*, the court limited the Government's absolute right to reject a settlement to "the first sixty days plus any extension granted after the private person has filed a *qui tam* complaint," 25 F.3d at 722, in order to protect the relator's right to "conduct the action," 31 U.S.C.A. § 3730(b)(4)(B), which implicitly includes rights with regard to settlement. 25 F.3d at 722. The recognition by these cases of the private party's interests, even when bringing a *qui tam* suit in the name of the Government, confirms this court's view that while the United States may be the real party in interest during the proceedings, the initiation of those proceedings stems from the specific incentives offered to private plaintiffs by Congress to encourage reporting of fraud against the Government.[3] *See id.* at 721.

Having thus examined the language of 31 U.S.C.A. § 3730, the court finds that for the purposes of 28 U.S.C. § 1582, a *qui tam* suit is "commenced by" the private actor, not the Government. Arguments relying on the position of the United States in *qui tam* suits as the real party in interest fail to establish that the court should presume that cases are "*commenced* by" the United States merely because of its dominant interest in the outcome. Such an interest could continue to exist despite the commencement of the action by another party.[4] Because this action was

---

3. Allflex cites the decision of the Second Circuit in *Thistlethwaite* permitting jurisdiction of a False Claims Act case to be based on 28 U.S.C. § 1345, which provides for district court jurisdiction over cases "commenced by the United States." 110 F.3d at 868. The court does not find this aspect of *Thistlethwaite* persuasive, however, as the Second Circuit did not examine the relationship between the phrase "commenced by the United States" and the nature of *qui tam* suits. Rather, the Second Circuit, recognizing that there was also jurisdiction under 28 U.S.C. § 1331, merely quoted § 1345 and stated in a conclusive manner that there was jurisdiction under that section as well. *Id.* Relators claim error in relying on 28 U.S.C. § 1345 as a basis for jurisdiction in the district court.

4. Allflex also argues that the Government, as a party to this case, must either be a defendant or a plaintiff. Neither party seriously disputes the fact that the Government is not a defendant. Therefore, according to Allflex, "the Government [is] a plaintiff and the plaintiff is the party or a party who commences the action." Allflex Resp. Br., at 6. The court is not persuaded by this simplistic argument. First, the Government did not intervene here and is not a party. Second, a party identified as the "plaintiff" in any given action, particularly in a suit with multiple plaintiffs, may not necessarily have been the party to "commence" the action. For example, the Federal Rules of Civil Procedure provide many ways by which a party may become a plaintiff *after* the

not "commenced by the United States," it is not within the subject matter jurisdiction of the court.

## B. Policy

Allflex raises several policy arguments to encourage the court to find subject matter jurisdiction over this case, all of which rely principally on the trade-related nature of the underlying allegation. Notwithstanding the potential for inconsistent application of the trade laws and any resulting uncertainty importers may face, debate and deliberation over such policy questions must occur in the legislature, not the judiciary. "[T]his is the sort of policy judgment that surely must be left to legislatures, rather than being announced from on high by the Federal Judiciary." *Chandler v. Miller*, 520 U.S. 305, ——, 117 S.Ct. 1295, 1308, 137 L.Ed.2d 513 (1997) (Rehnquist, C.J., dissenting). Policy concerns such as those advanced by Allflex may not form the basis for a decision which contravenes the explicit mandate of the legislature as expressed in a statute. "The courts are without authority either to declare such policy, or, when it is declared by the legislature, to override it." *Nebbia v. People of State of New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934). Therefore, the court declines to ignore the limits of its Congressionally-prescribed jurisdiction in order to effectuate certain policy goals which, however valid, may only be accomplished by the legislature.

## IV. Conclusion

Despite the deference given a coordinate court that transfers a case for lack of subject matter jurisdiction, the court finds that its exercise of jurisdiction over the present case is impermissible. Whether or not Congress has placed False Claims Act cases, including those whose underlying dispute involves customs classification, within the exclusive jurisdiction of the district courts, this court does not have jurisdiction. A *qui tam* suit under the False Claims Act is not "commenced by the United States" for the purposes of this court's jurisdiction under 28 U.S.C. § 1582. Accordingly, the decision of the District Court for the Western District of Missouri to transfer this case to this court is not "plausible," and the court is therefore "obliged to decline jurisdiction."

Retransfer is hereby **ORDERED**.

suit has commenced. *See, e.g.,* Fed.R.Civ.P. 19(a), 21, 24(a) & (b).