UNITED STATES of America, ex rel. Eduardo Enriche VALLEJO, Plaintiff,

v.

INVESTRONICA, INC. and Investronica, S.A., Defendants.

No. 96–CV–6575L.

United States District Court, W.D. New York.

March 31, 1998.

Robert Trusiak, U.S. Attorney's Office, Buffalo, NY, Michael F. Hertz, U.S. Dept. of Justice, Washington, DC, Philip·A. Shaikun, U.S. Dept. of Justice, Washington, DC, Scott Michael Moore, San Francisco, CA, for Plaintiff.

William J. Sapone, Gerald H. Kiel, MaAulay, Fisher, Nissen, Goldberg & Kiel, LLP, New York City, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Eduardo Enriche Vallejo ("plaintiff"), commenced this action on behalf of the United States under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Investronica, S.A. ("S.A.") and Investronica, Inc. ("INC."). The United States declined to intervene, and plaintiff pursued this action on his own initiative, as permitted by the statute. Pending before the Court now are defendants' motion to dismiss, plaintiff's motion for an "order of no criminal contact" and for preservation of documents, and plaintiff's motion for sanctions.

## FACTUAL BACKGROUND

Plaintiff is a United States citizen, residing in Madrid, Spain, and a former employee of both defendants. S.A. is a corporation organized under the laws of Spain and has its principal place of business in Madrid, Spain. INC. is a corporation organized under the laws of New Jersey and has its principal place of business in Georgia.

In his original complaint, filed December 20, 1996, plaintiff asserted two causes of action. First, plaintiff alleged that defendants routinely made false statements to the United States Government to avoid or decrease import duties, in violation of 31 U.S.C. § 3729(a)(7). Specifically, plaintiff alleged that defendants falsely undervalued the sale price of high technology fabric cutting machines imported into the United States from Spain. Further, employees traveling from Spain and entering the United States falsely informed the United States Customs Service that they did not possess any goods subject to import duties. Second, plaintiff alleged that when he complained to defendants about these false statements, which he believed to be in violation of United States law, S.A. and INC. retaliated against him, in violation of 31 U.S.C. § 3730(h).

On October 14, 1997, plaintiff filed an amended complaint. Plaintiff reiterated his two original causes of action, without change, and attempted to assert a third cause of action, arising out of defendants' alleged false statements to the United States Government to avoid paying social security taxes, in violation of 31 U.S.C. § 3729(a)(7). Eventually, plaintiff conceded that this cause of action, which involved the Internal Revenue Code, was not actionable under the FCA, and, therefore, he withdrew the claim. 31 U.S.C. § 3729(e).

Defendants move to dismiss plaintiff's amended complaint on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction over S.A.; (3) insufficiency of service of process as to S.A.; (4) improper venue; (5) failure to plead averments of fraud with particularity; (6) failure to state a claim for retaliation; and (7) unclean hands.

## DISCUSSION

### A. Defendants' Motion to Dismiss

#### 1. Lack of Subject Matter Jurisdiction

■ Defendants argue that the Court of International Trade ("CIT") has exclusive jurisdiction over plaintiff's first cause of action regarding import duties. Accordingly, defendants move to dismiss this claim, pursu-

ant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

Section 1331 of Title 28 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court would be divested of jurisdiction, however, if an action fell within one of several specific grants of exclusive jurisdiction to the CIT. *K mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182–83, 108 S.Ct. 950, 99 L.Ed.2d 151 (1988). Section 1582 of Title 28 provides that the CIT "shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States." 28 U.S.C. § 1582.

Defendants argue that because plaintiff brought this action solely as a relator for the Government, the real party in interest, this action was "commenced by the United States," and, therefore, is within the CIT's exclusive jurisdiction. Plaintiff responds that this action was not, in fact, "commenced by the United States." According to plaintiff, he commenced this action, as an individual person, for himself and for the Government, pursuant to § 3730(b)(1) of the FCA, which provides: "A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the government." 31 U.S.C. § 3730(b)(1).

The CIT recently rejected the precise argument advanced here by the defendants. In *United States ex rel. Felton v. Allflex USA, Inc.*, 989 F.Supp. 259, (C.I.T.1997), the CIT held that it did not have jurisdiction over relator's FCA suit, which arose out of defendant's failure to pay import duties, because the action was not one "commenced by the United States." According to the CIT, the district court was the proper forum for the action.

The CIT reasoned that it was the private party who commenced the action for both himself and for the Government. The Government was simply the party "who may join and assume responsibility for the suit at a

later time." *Id.* at 262–63. The CIT held, and I agree, that the mere fact that the United States is the real party in interest does not necessarily lead to the conclusion that the action was "commenced by the United States" for purposes of 28 U.S.C. § 1582.

Therefore, I find that this Court, and not the CIT, has jurisdiction over plaintiff's claim regarding import duties. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

### 2. Lack of Personal Jurisdiction over S.A.

Defendant S.A. moves to dismiss plaintiff's amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), on the ground that this Court lacks personal jurisdiction over it.[1]

A plaintiff facing a Rule 12(b)(2) motion to dismiss made before any discovery has been completed need only allege facts constituting a prima facie showing of personal jurisdiction. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997). All allegations must be construed in the light most favorable to plaintiff, and all doubts must be resolved in plaintiff's favor, notwithstanding a contrary presentation by the moving party. *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

In order for personal jurisdiction to exist over a defendant, two prerequisites must be met. First, the defendant must be amenable to service of process pursuant to an applicable rule or statute. Second, plaintiff's assertion of personal jurisdiction must comport with the requirements of due process. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

In the instant case, the FCA provides for worldwide service of process. 31 U.S.C. § 3732(a). Therefore, the first requirement is easily met. S.A., a Spanish corporation, is amenable to service of process under the FCA.[2]

When a federal statute permits worldwide service of process, the relevant due process inquiry is whether defendant has "minimum contacts" with the United States as a whole, *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 976 F.Supp. 207, 210 (S.D.N.Y.1997), "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). "'[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the [United States], thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). In short, defendant's contacts with the forum must be such that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). A defendant's minimum contacts with the forum are measured at the time the underlying claim arose and not at the time the complaint is filed. *Nielsen v. Sioux Tools, Inc.*, 870 F.Supp. 435, 439–40 (D.Conn.1994); *Tomar Elecs., Inc. v. Whelen Technologies, Inc.*, 819 F.Supp. 871, 876 (D.Ariz.1992).

Construing all the allegations in plaintiff's favor, I find that S.A.'s contacts with the United States, irrespective of any contacts INC. has with this forum, are more than sufficient to allow this Court to exercise personal jurisdiction over S.A. In his amended complaint, plaintiff alleges that S.A. has exported its high technology fabric cutting machines and parts from Spain into the United States for several years. Further, plaintiff submits documents evidencing S.A.'s business relationship—the exact parameters of which are unclear—with the Hickey–Free-

---

1. INC. does not contest this Court's exercise of personal jurisdiction over it.

2. The question of whether that service was properly effected is a separate issue, which is discussed *infra*.

man Company here in Rochester, New York, as well as with fifteen other United States companies. In connection with S.A.'s relationship with Hickey–Freeman, plaintiff maintains that at least two S.A. employees traveled from Spain to Rochester in June 1990 to repair equipment that had been sold to Hickey-Freeman. In connection with S.A.'s relationship with other customers, plaintiff maintains that he made business trips on S.A.'s behalf to actual and potential customers throughout the United States. Moreover, plaintiff alleges that S.A. employees traveled from Spain to the United States to participate in trade shows.

Additionally, plaintiff submits evidence that S.A. has been granted at least three trademarks by the United States Patent and Trademark Office. In their most recent trademark application, S.A. disclosed that the proposed mark was first used in commerce between Spain and the United States beginning in December 1986. Finally, and most significantly, plaintiff alleges that S.A. employees violated the FCA at United States airports, including the Greater Rochester International Airport ("GRIA") and the John F. Kennedy Airport ("JFK"), during numerous trips from Spain to the United States on customer service calls. Certainly, S.A. could have reasonably foreseen being haled into Court here if, accepting the allegations in the amended complaint as true, its employees made false or fraudulent statements to United States customs agents.

Accordingly, I find that S.A. has sufficient contacts with the United States to permit this Court to exercise personal jurisdiction over it. I also find that this exercise of jurisdiction does not violate traditional notions of fair play and substantial justice. Accordingly, S.A.'s motion to dismiss for lack of personal jurisdiction is denied.

### 3. Insufficiency of Service of Process as to S.A.

S.A. maintains that it was never properly served with plaintiff's complaint or amended complaint. Accordingly, S.A. moves to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process.[3] Plaintiff purports to have effected service on S.A. by serving its summons and relevant documents on INC. According to plaintiff, INC. is S.A.'s wholly-owned and controlled subsidiary and, therefore, its agent for service of process.

■ The law is well settled that service of process on a wholly-owned subsidiary does not constitute service of process on a parent corporation where separate corporate identities are maintained. *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Sansui Elecs. Corp. v. American Southern Ins. Co.*, 1992 WL 77591 (S.D.N.Y. Mar.26, 1992); *Fleming v. Yamaha Motor Corp., USA*, 774 F.Supp. 992, 994 (W.D.Va.1991).

■ In the instant case, plaintiff has failed to demonstrate a lack of corporate separateness between S.A. and INC., such that INC. should be deemed S.A.'s agent for service of process. Plaintiff has submitted numerous documents which he claims establish that INC. does not have a corporate identity separate and distinct from S.A. These documents, however, do not establish this fact. In my view, they establish only that there is a close business relationship between the two companies. It is not apparent to me that S.A. is so engaged in the affairs of INC. that INC. ceases to be a separate corporate entity. For example, the leadership of these two companies is not identical. Their boards of directors have only one director in common, while all the other directors and officers are different. Finally, plaintiff has not alleged nor established that INC. fails to maintain corporate formalities, is inadequately capitalized, or operates merely as a shell for S.A.'s activities here in the United States.

Accordingly, I find that plaintiff has not sustained its burden of establishing that service of process was properly effected on S.A. I, therefore, quash that service and grant plaintiff leave to reserve S.A. in accordance with the Hague Convention. *Fleming*, 774 F.Supp. at 993.

---

**3.** INC. does not contend that service of process    was insufficient.

### 4. Improper Venue

■ Defendants also move to dismiss plaintiff's amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(3), on the ground that the Western District of New York is not the proper venue for this action. Section 3732 of the FCA is the operative venue statute. *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.,* 110 F.3d 861 (2d Cir.1997). Section 3732 provides that an action to enforce the FCA "may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732(a).

In the instant case, defendants' attorney conceded at oral argument that at least one of the defendants-INC.-transacts business in this judicial district with Hickey–Freeman of Rochester. This factor alone would be sufficient to venue this action here. Furthermore, plaintiff alleges that both defendants committed acts proscribed by § 3729 at the GRIA. Although defendants deny that they made any false statements at that airport, on a motion to dismiss, I must assume the truth of plaintiff's allegations. Accordingly, I find that venue is appropriate in this district, and defendants' motion to dismiss on that ground is denied.

### 5. Failure to Plead Fraud with Particularity

Defendants maintain that plaintiff's first cause of action regarding import duties should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to plead fraud with particularity.

■ Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading requirement applies to actions filed under the FCA. *Gold v. Morrison–Knudsen Co.,* 68 F.3d 1475, 1476–77 (2d Cir.1995).

■ In this Circuit, to pass muster under Rule 9(b), the amended complaint must allege when and where the statements were made, identify the individual responsible for the statements, and specify the content of the alleged fraudulent statements. *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir.1993); *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987). This requirement is relaxed somewhat when the relevant facts are peculiarly within the opposing party's knowledge. *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir.1990). However, in those circumstances, pleaders must allege that the necessary information lies within defendants' control and must provide a statement of the facts upon which the allegations are based. *DiVittorio,* 822 F.2d at 1247.

■ In support of his fraud claim, plaintiff alleges that defendants made false statements to agents of the United States to avoid import duties in two distinct ways. First, plaintiff maintains:

> Investronica, Inc. and Investronica, S.A. routinely and knowingly made, used, or caused to be made or used, false records and/or statements which falsely undervalued the truthful sales price of high technology fabric cutting machines imported into the U.S. from Spain, to decrease obligations to pay or transmit money or property to the government of the United States of America, being U.S. import duties, during a period of at least 10 years and continuing at least until Mr. Vallejo's discharge, in violation of § 3729(a)(7) of the False Claims Act.

First Amended Complaint ¶ 6.A.

I find these allegations to be completely inadequate under Rule 9(b). Plaintiff has not alleged the date or dates on which these purportedly false statements were made, but, instead, simply indicates that they were made during a period of at least ten years. Further, plaintiff does not aver where the alleged statements were made or who made them. A *qui tam* plaintiff's failure to allege the exact dates the representations were made, the place where the alleged fraud took place, and the identity of the person making the representations has been found to be insufficient on a fraud claim brought under the FCA. *United States v. Crescent City,*

*E.M.S., Inc.,* 151 F.R.D. 288 (E.D.La.1993). Moreover, although plaintiff identifies the general substance of these allegedly false statements, he does not provide specific details regarding how the statements were submitted and to whom. Such conclusory allegations of fraud will not suffice under Rule 9(b). *Stern v. Leucadia Nat'l Corp.,* 844 F.2d 997, 1004 (2d Cir.1988). Accordingly, with respect to these allegations, I find that plaintiff has not pled his fraud claim with the requisite particularity under Rule 9(b).

■ Second, plaintiff maintains:
Investronica, Inc. and Investronica, S.A. knowingly made, used, or caused to be made or used, false records and/or statements, to the U.S. Customs Service upon arrival at U.S. airports, including in March 1990 at the John F. Kennedy International Airport, located in Jamaica, New York, and in June 1990 at the Greater Rochester International Airport located in Rochester, New York, which falsely declared that employees traveling from Spain and entering the U.S. had no possession of goods subject to U.S. import duties, and/or which falsely declared that high technology fabric cutting machine parts in possession were samples to be returned to Spain and thereby not subject to U.S. import duties, when in truth said employees were traveling from Spain and entering the U.S. in possession of high technology fabric cutting machine parts for sale and to service disabled cutting machines of customers located in the U.S. and Canada, to conceal and avoid obligations to pay or transmit money or property to the government of the U.S., being U.S. import duties, during a period of at least 10 years and continuing at least until Mr. Vallejo's discharge, in violation of § 3729(a)(7) of the False Claims Act.

First Amended Complaint ¶ 6.B.

Although these allegations are somewhat more particularized, I find that they are still insufficient under the heightened pleading requirement of Rule 9(b). To the extent that plaintiff seeks to pursue a claim regarding defendants' false statements at United States airports over a ten year period, he fails to plead exactly where and when those statements were made. To the extent that plain-tiff seeks to pursue a claim regarding the two specific incidents—*i.e.*, the one at JFK in March 1990 and the one at GRIA in June 1990—he has provided more of the necessary information. However, plaintiff still has failed to allege the date or dates on which these statements were made. Further, plaintiff has failed to identify the individuals responsible for making the statements, other than to describe them as employees of the defendants. Similar pleadings have been found to be insufficient under Rule 9(b). *United States v. EER Sys. Corp.,* 950 F.Supp. 130, 132 (D.Md.1996) (finding that FCA complaint must name the person or persons who made the representations); *United States ex rel. DeCarlo v. Kiewit/AFC Enters., Inc.,* 937 F.Supp. 1039, 1051 (S.D.N.Y.1996) (holding that FCA complaint was deficient under Rule 9(b) where the plaintiff only referred to the corporate defendant and did not identify any specific employees who may have been involved in submitting false claims); *United States ex rel. Alexander v. Dyncorp, Inc.,* 924 F.Supp. 292, 303 (D.D.C.1996) (finding that *qui tam* plaintiff's failure to state the date or dates on which the allegedly false statements were made, to identify the employees responsible for the statements, and to state facts from which the court can infer a knowing violation on the part of the defendants was fatal to a fraud claim under the FCA); *United States ex rel. Robinson v. Northrop Corp.,* 149 F.R.D. 142, 145 (N.D.Ill.1993) (holding that plaintiff failed to plead fraud allegations with particularity where plaintiff alleged only that defendants' employees committed the fraudulent acts and did not aver the identity of the individual employees involved in the alleged fraud). Viewing these allegations in their entirety, I find that plaintiff has not satisfied the pleading requirement of Rule 9(b).

Moreover, plaintiff has not given me any reason to believe that the heightened pleading requirement of Rule 9(b) should be relaxed in the instant case. Nowhere in the original complaint or in the amended complaint does plaintiff claim that the necessary information is in the defendants' control. Further, nowhere in his papers opposing defendants' motion to dismiss did plaintiff ar-

gue that the facts necessary to allege a fraud claim were in the possession of the defendants. In fact, in the papers submitted by plaintiff on this motion, he maintained that Rule 9(b) did not apply to this action and that, even if it did, he had pleaded fraud with particularity. It was only after I suggested at oral argument that quite possibly this was a case where the facts were in the possession of the defendants that plaintiff adopted that position. If plaintiff contends that the facts are in the defendants' control, he should have specifically alleged that in his amended complaint and provided a statement of the factual basis supporting his belief that the alleged fraud occurred. This plaintiff did not do.

Finally, when I asked plaintiff's counsel at oral argument whether plaintiff was one of the individuals who made the alleged false statements, counsel responded that he did not know. This information certainly is not in the control of the defendants, but is knowledge possessed directly by plaintiff. Counsel's response indicates to me that an appropriate investigation may not have been undertaken before the instant action was commenced. The clear intent of Rule 9(b) "is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed." *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985). "A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should serve to seek redress for a wrong, not to find one." *Segal v. Gordon,* 467 F.2d 602, 607–08 (2d Cir.1972).

For all these reasons, I find that plaintiff has failed to plead his fraud claim with the requisite degree of particularity required by Rule 9(b). I will, however, grant plaintiff leave to amend his complaint to allege more particularly the facts and circumstances which form the basis of his fraud claim under § 3729(a)(7).

### 6. Failure to State a Retaliation Claim

■ Defendants move to dismiss plaintiff's cause of action for retaliation, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

In his amended complaint, plaintiff alleges that when he "complained of the false statements, which [he] believed to be in violation of U.S. law, to other employees and to his supervisors . . ., Investronica, Inc. and Investronica, S.A. responded with discriminatory conduct against [him] in violation of § 3730(h) of the False Claims Act." First Amended Complaint ¶ 7.

Section 3730(h) provides:

Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h).

■ To state a claim under § 3730(h), plaintiff must allege that: (1) he was engaging in conduct protected under the statute; (2) the defendants knew that he was engaging in such conduct; and (3) the defendant discriminated against him because of the protected conduct. *United States ex rel. Hopper v. Anton,* 91 F.3d 1261, 1269 (9th Cir.1996), cert. denied, —— U.S. ——, 117 S.Ct. 958, 136 L.Ed.2d 844 (1997); *United States ex rel. Mikes v. Strauss,* 889 F.Supp. 746, 752 (S.D.N.Y.1995).

Plaintiff has failed to plead any facts demonstrating that prior to his discharge, he was either taking action in furtherance of a private *qui tam* action or assisting in a FCA action to be brought by the United States Government. *Kaminski v. Teledyne Indus., Inc.,* 1997 WL 415314, *6 (6th Cir.1997). Plaintiff states simply that while he was employed by defendants, he learned of their allegedly false statements.

Further, even if plaintiff was engaged in protected conduct, he has not alleged any facts indicating that defendants had notice of such conduct. *Id.* Plaintiff alleges only that he complained of the false statements to his

supervisor and other employees. Although plaintiff states that he believed the false statements were in violation of United States law, he does not allege that he ever informed the defendants of that fact. For example, plaintiff does not allege that he told the defendants that he was going to report such impropriety to officials of the Government or that he was contemplating his own *qui tam* action. Moreover, plaintiff has not alleged that he was engaged in activities that would have given "the employer reason to believe that the employee was contemplating a *qui tam* action against it." *Strauss*, 889 F.Supp. at 753; accord *United States ex rel. McKenzie v. Bellsouth Telephone, Co.*, 123 F.3d 935, 944 (6th Cir.1997). These are the types of things that plaintiff would need to allege in order to state a claim under § 3730(h). *See, e.g., Zahodnick v. International Bus. Machs. Corp.*, 1997 WL 782936, *2 (4th Cir. Dec.22, 1997); *Bellsouth Telephone, Co.*, 123 F.3d at 944; *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1523 (10th Cir.1996); *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir.1994); *United States ex rel. Yesudian v. Howard Univ.*, 946 F.Supp. 31, 33 (D.D.C.1996); *Strauss*, 889 F.Supp. at 753.

Finally, plaintiff has not alleged any facts to support his conclusion that his harassment and termination was, in fact, in retaliation for protected activity.

I conclude, therefore, that plaintiff has failed to state a claim for retaliation under § 3730(h). I will, however, grant plaintiff leave to amend his complaint in this regard should he have a basis to do so.

### 7. Unclean Hands

Defendants also ask this Court to dismiss plaintiff's lawsuit on the ground of unclean hands. Finding no basis in the record before me upon which to grant this request, defendants' motion to dismiss on this ground is denied.

### B. Plaintiff's Motions

I also have considered plaintiff's motion for no criminal contact and for preservation of documents, filed October 14, 1997, as well as his motion for sanctions, filed March 3, 1998.

Finding no basis in the facts of this case or in the applicable law for awarding the relief requested, I deny these motions.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Docket # 26) is granted in part and denied in part. Specifically, defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and unclean hands is denied. Defendants' motion to dismiss for insufficiency of service of process over S.A. is granted. Defendants' motion to dismiss for failure to plead fraud with particularity as to the false claims cause of action and for failure to state a retaliation claim as to the retaliation cause of action is granted, without prejudice to filing an amended complaint.

Plaintiff will have thirty (30) days from the entry of this order to file and serve an amended complaint, if appropriate.

Plaintiff must effect proper service of the Second Amended Complaint, if such is filed, on Investronica, S.A. consistent with this decision.

Plaintiff's motion for no criminal contact and preservation of documents (Docket # 32) is denied. Plaintiff's motion for sanctions (Docket # 52) is denied.

IT IS SO ORDERED.