**Slip Op. 05-81**

## UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: CARMAN, JUDGE

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 04-00431 |
| | : | |
| UNIVERSAL FRUITS AND VEGETABLES CORP.; | : | |
| DAVID PAI, *a.k.a.* SHIH WEI PAI; JASON PAI, | : | |
| *a.k.a.* CHUNG SHENG PAI, | : | |
| | : | |
| Defendants. | : | |

[This Court has jurisdiction to entertain this matter.]

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanne M. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Alan J. Lo Re*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Plaintiff.

*Neville Peterson LLP* (*John M. Peterson*, *Curtis W. Knauss*), New York, NY, for Defendants.

Dated: July 6, 2005

### OPINION

CARMAN, JUDGE: This matter was transferred to this Court on the direction of the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), which opined that this Court has exclusive jurisdiction to hear this case under 28 U.S.C. § 1582(3) (2000). The parties concur that this Court has jurisdiction. This Court held oral argument to consider the issue of jurisdiction on April 20, 2005. Upon consideration of parties' oral presentations and briefs, this

Court holds it has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1582(3) and 28 U.S.C. § 1340 (2000).

## PROCEDURAL HISTORY

On November 2, 2000, Plaintiff United States commenced this action against Defendants Universal Fruits and Vegetables Corporation ("Universal"), founder-president David Pai, a.k.a. Shih Wei Pai ("David Pai"), and employee-father Jason Pai, a.k.a. Chung Sheng Pai ("Jason Pai"),[1] alleging violation of 31 U.S.C. § 3729(a)(7) (2000).[2] Plaintiff originally filed a motion for summary judgment in the United States District Court, Central District of California, Western Division.

On December 17, 2001, the District Court granted summary judgment for Plaintiff and ordered defendants Universal and David Pai to pay $1,957,237, and defendant Jason Pai to pay $1,952,237. *United States v. Universal Fruits & Vegetables Corp.*, No. CV 00-11698-R, 2001

---

[1] For convenience, this Court will refer to the defendants collectively as "Defendants," unless addressing a particular defendant.

[2] 31 U.S.C. § 3729 is the False Claims Act ("FCA"). Subsection 3729(a)(7), commonly called the "Reverse False Claims Act," states:

> (a) Liability for certain acts.–Any person who–
>
> . . .
>
>> (7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person. . . .

U.S. Dist. LEXIS 25815, at *1-2 (C.D. Cal. Dec. 3, 2001) ("*Universal I*"). These awards were based on the actual duties avoided of $644,079, which was trebled pursuant to 31 U.S.C. § 3729(a)(7), plus $5,000 in civil penalties for each of the four false statements made to the United States Customs Service, now known as the Bureau of Customs and Border Protection ("Customs"). Defendants timely appealed on March 13, 2002, arguing that the district court lacked subject matter jurisdiction because this Court has exclusive jurisdiction for actions involving customs duties pursuant to 28 U.S.C. § 1582.

On March 17, 2004, the Ninth Circuit reversed the case for lack of subject matter jurisdiction. *United States v. Universal Fruits & Vegetables Corp.*, 362 F.3d 551 (9th Cir. 2004) ("*Universal II*"). On June 2, 2004, upon Plaintiff's request, the Ninth Circuit amended its original decision and remanded the case with instruction for the district court to transfer the case to this Court. The Ninth Circuit held that the district court lacked subject matter jurisdiction and left to this Court "the question of its own jurisdiction." *United States v. Universal Fruits & Vegetables Corp.*, 370 F.3d 829, 836-37 (9th Cir. 2004) ("*Universal III*").

**DISCUSSION**

The issue before this Court is whether it has jurisdiction to hear this case. Both parties concur that this Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1582(3). (*See* Pl.'s Br. Regarding Jurisdiction at 1; Def.'s Br. Concerning the Ct.'s Subject Matter Jurisdiction of This Action at 1; Hr'g Tr. at 4:20-24, 33:17-19.) For the reasons set forth, this Court holds that it has subject matter jurisdiction to hear this case.

A.      **Law-of-the-Case**

1.      **Transferred Cases**

This case was transferred to this Court by the district court at the direction of the Ninth Circuit pursuant to 28 U.S.C. § 1631 (2000).[3] The United States Supreme Court apprised courts that the law-of-the-case doctrine[4] governs the issue of transfer of cases. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). The Supreme Court instructed that "[u]nder law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819. The Supreme Court recognized that "situations might arise, of course, in which the transferee court considers the transfer 'clearly erroneous.' But as '[t]he doctrine of the law-of-the-case is . . . a heavy deterrent to vacillation on arguable issues,' such reversals should necessarily be exceptional . . . ." *Id.* (internal citations omitted). This Court has refined this inquiry by explaining that to establish "plausibility [] requires that [the transferee] court examine its jurisdiction to determine whether the transfer was proper." *U.S. ex rel. Felton v. Allflex USA, Inc.*, 21 CIT 1344, 1346, 989 F. Supp. 259 (1997). For the

---

[3] 28 U.S.C. § 1631, in relevant part, states:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

[4] The Supreme Court explained "the law-of-the-case doctrine 'merely expresses the practice of the courts to generally refuse to reopen what has been decided, not a limit to their power.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted).

reasons below, this Court finds that the Ninth Circuit directive and resulting district court transfer

of this matter were plausible. Therefore, the inquiry is at an end because jurisdiction lies here

under the *Christianson* standard.

> **2.      Applicable Statutes**

The applicable jurisdictional statutes are 28 U.S.C. § 1582(3), 28 U.S.C. § 1340, and 31

U.S.C. § 3732(a).

> (a)      *Jurisdiction over actions commenced by the United States*

Although generally vested with jurisdiction to hear civil actions, district courts are

divested of jurisdiction if an action falls within one of the "specific grants of exclusive

jurisdiction to the Court of International Trade." *K Mart Corp. v. Cartier*, 485 U.S. 176, 182-83

(1988). One of the CIT's specific statutory grants of jurisdiction is 28 U.S.C. § 1582(3).[5] This

statute provides that the Court of International Trade has exclusive jurisdiction to hear a case if it

is (1) a civil action (2) arising out of an import transaction (3) commenced by the United States

(4) to recover customs duties. This Court finds that this matter falls squarely into this statutory

grant: (1) this is a civil action (2) that arose out of an avoidance to pay antidumping duties that

was (3) commenced by the United States (4) to recover the customs duties that were avoided. "In

_____

[5] 28 U.S.C. § 1582(3) reads:

> The Court of International Trade shall have exclusive jurisdiction of any
> civil action which arises out of an import transaction and which is
> commenced by the United States–
>
> . . .
>
> (3) to recover customs duties.

enacting 28 U.S.C. § 1582,[6] Congress intended that matters involving customs laws should be heard by one tribunal so that uniformity of decision would result." *Jerlian Watch Co., Inc. v. U.S. Dep't of Commerce*, 597 F.2d 687, 691 (9th Cir. 1979). If district courts throughout the country adjudicated customs cases, there would tend to be less uniformity of treatment. It is clear that one of the reasons Congress created a national court was to secure uniformity of treatment in one tribunal of customs disputes. *See Jerlian Watch*, 597 F.2d at 691 ("If the district court should have jurisdiction over [matters involving customs laws] . . . the Customs Court would be denied jurisdiction in the greatest area of its expertise. We do not believe that Congress intended these results."). In conformity with Congressional intent and supported by case law as cited above, this Court holds it has exclusive jurisdiction to entertain this case pursuant to 28 U.S.C. § 1582(3).

  (b)  *Jurisdiction which is mutually exclusive*

  Aside from the specific grant of jurisdiction conferred by 28 U.S.C. § 1582, the Court of International Trade may also claim jurisdiction under § 28 U.S.C. § 1340 (2000). This statute is

---

[6] 28 U.S.C. § 1582 (1976) was in effect when the United States Supreme Court decided *Jerlian Watch*, 597 F.2d at 687. The exclusive jurisdiction over civil actions language of this statute reads essentially the same then as now for the purposes of this opinion. The Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727 (1980), not only expanded the Customs Court's scope of jurisdiction but also renamed it the Court of International Trade. The Supreme Court explained these changes as Congressional intent "to remedy the confusion over the division of jurisdiction between the Customs Court (now the Court of International Trade) and the district courts and to 'ensure . . . uniformity in the judicial decision-making process.'" *K Mart*, 485 U.S. at 188 (citation omitted). Legislative history further explains that "this legislation changes the name of the United States Customs Court to the United States Court of International Trade. The new name more accurately describes the court's clarified and expanded jurisdiction and its new judicial functions relating to international trade." H.R. Rep. No. 96-1235, at 3732 (1980). Because the renaming the Customs Court to the Court of International Trade reflected expanded jurisdiction, decisions of the Customs Court that have not been overturned will be treated as good law in this opinion.

particularly instructive where the Court of the International Trade and district courts may have jurisdictional conflicts. The statute provides that district courts with original jurisdiction for actions "arising under any Act of Congress providing for internal revenue, or revenue from imports . . . *except matters within the jurisdiction of the Court of International Trade*." 28 U.S.C. § 1340 (emphasis added). Courts have interpreted this statutory language as mutually exclusive, whereby a district court has jurisdiction over the causes of action stated therein if the Court of International Trade does not. *See Jerlian*, 597 F.2d at 690 ("The Customs Court has exclusive jurisdiction over customs matters. 28 U.S.C. § 1582. Conversely, jurisdiction over customs matters is denied to the district courts by 28 U.S.C. § 1340."). Courts have historically upheld the statutory structure and Congressional intent regarding mutually exclusive jurisdiction of the Court of International Trade in customs matters. *See, e.g., Cottman Co. v. Dailey*, 94 F.2d 85, 88 (4th Cir. 1938) ("Congress has provided a complete system of corrective justice with respect to matters arising under the customs laws . . . . 'This system of corrective justice being complete in itself, it must be concluded that Congress did not intend to allow any other method to redress supposed wrongs occurring in the operation of the laws in relation to the collection of [customs] revenues.'") (citations omitted); *J.C. Penney Co. v. U.S. Treasury Dep't*, 439 F.2d 63, 66 (2d Cir. 1971) ("[N]ot only [does] the Customs Court have jurisdiction over customs matters, but if that jurisdiction [is] to be exercised effectively in accordance with a complete, integral system of customs adjudication, it must be exclusive."); *Hector Rivera Siaca v. United States,* 7 CIT 10, 12 (1984) (holding that the district court had no jurisdiction because the claim arose from customs agents' attempts to collect customs duties); *cf. United States v. Shabahang Persian Carpets, Ltd.*, 22 CIT 1028, 1032, 27 F. Supp. 2d 229 (1998) (holding that the CIT had no

jurisdiction to entertain an Internal Revenue Service tax assessment claim under 28 U.S.C. § 1340).

Because the claim in the instant case arises from Defendants' alleged avoidance of antidumping duties and Customs seeks to recover the unpaid customs duties, this Court finds the subject matter of the case falls within the jurisdiction of the Court of International Trade. In addition to the statutory mandate of 28 U.S.C. § 1582(3), this Court holds it has exclusive jurisdiction to hear this case pursuant to 28 U.S.C. § 1340.

(c)     *Jurisdiction over actions alleging false claims*

When discussing the issue of jurisdiction under the False Claims Act, this Court must address 31 U.S.C. § 3732. Its heading reads "[f]alse claims jurisdiction." The provision states in pertinent part that "[a]ny action under section 3730 [civil actions for false claims] may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 [false claims] occurred . . . . " 31 U.S.C. § 3732(a). Case law provides guidance on the scope of this provision. The United States Court of Appeals for the Second Circuit ("Second Circuit") conducted a thorough and comprehensive analysis of § 3732(a) by parsing the statutory language and discussing the legislative history. *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 865-68 (2d Cir. 1997).

In *Dowty*, the Second Circuit looked at the plain language of the statutory provisions and found that the first sentence of the §3732(a) does not mention jurisdiction but rather "is concerned principally with the location in which an action under § 3730 [civil actions for false claims] may be commenced." 110 F.3d at 865. After comparing the language of § 3732 with

like statutory provisions, the Second Circuit concluded that "the first sentence of §3732(a) is a provision of the kind that typically governs only venue." *Id.*; *see also Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 73 n.15 (D.D.C. 2002) (finding proper venue pursuant to the language of § 3732(a)). The Second Circuit also rejected the proposition that the provision's heading – "[f]alse claims jurisdiction" – transmutes this venue provision into one of subject matter jurisdiction. *Dowty,* 110 F.3d at 866. The Second Circuit took its cue from the United States Supreme Court, which stated that "headings and titles are not meant to take the place of the detailed provisions of the [statutory] text. Nor are they necessarily designed to be a reference guide or a synopsis." *Bhd. of R.R. Trainsmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528 (1947). The Supreme Court noted the "wise rule that the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Trainsmen*, 331 U.S. at 528-29 (citation omitted). Based on the precedent of *Trainsmen*, the Second Circuit thus concluded that "the substance and structure of § 3732(a) indicate clearly that that [sic] provision governs venue rather than subject matter jurisdiction." *Dowty*, 110 F.3d at 866. The Ninth Circuit added to the Second Circuit's analysis:

> [W]e add the observation that, far from supplanting the CIT's
> ability to hear FCA actions, § 3732 complements it. For, while the
> CIT's venue already is effectively universal, *see* 28 U.S.C. § 256,[7]

---

[7] 28 U.S.C. § 256 (2000) states:

> (a) The chief judge may designate any judge or judges of the court
> to proceed, together with necessary assistants, to any port or to any
> place within the jurisdiction of the United States to preside at a
> trial or hearing at the port or place.
> (b) Upon application of a party or upon his own initiative, and
> upon a showing that the interests of the economy, efficiency, and
> justice will be served, the chief judge may issue an order

> the number of district court venues in which FCA suits could be brought would be quite limited in the absence of § 3732 . . . . In a sense, then, § 3732 simply brings venue in the district courts into line with the generous venue options already made available to the CIT– but does not somehow operate to bar the CIT from exercising its jurisdiction over appropriate FCA actions.

*Universal III*, 370 F. 3d at 836 n.13.  Accepting the Second and Ninth Circuits' detailed analyses, this Court finds that § 3732(a) does not affect its subject matter jurisdiction over this case.

This Court does note, however, that the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has read § 3732 to be a jurisdictional limit on false claims actions. *See LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (holding that § 3732 limited false claims jurisdiction to district courts in *qui tam* suits).  *LeBlanc* involved a whistleblower in a tort action, and the issue on appeal was proper jurisdiction.  This was a case of jurisdiction shopping.  LeBlanc originally brought the suit in a district court, which dismissed the case.  The plaintiff then appealed to the United States Court of Appeals for the First Circuit ("First Circuit"), which affirmed the lower court's dismissal.  After the Supreme Court denied LeBlanc's petition for a writ of certiorari, LeBlanc filed suit in the Court of Federal Claims, which also dismissed the suit.  *Id.* at 1028.  On appeal from the Court of Federal Claims, the Federal Circuit, like the First Circuit, affirmed the lower court's dismissal.  *Id.* at 1031.  In *LeBlanc*, based upon its statutory interpretation of § 3732, the Federal Circuit created a bright

---

> authorizing a judge of the court to preside in an evidentiary hearing in a foreign country whose laws do not prohibit such a hearing: *Provided, however*, That an interlocutory appeal may be taken from such an order pursuant to the provisions of section 1292(d)(1) of this title, and the United States Court of Appeals for the Federal Circuit may, in its discretion, consider the appeal.

line rule that "*qui tam* suits[8] may only be heard in the district courts." *Id.* at 1031. This bright

line rule, however, is inapposite to the instant matter because this case is not a *qui tam* suit. The

key distinguishable and decisive factor is that this case was commenced by the United States.

Accordingly, this Court holds that neither 31 U.S.C. § 3732 nor case law bar the Court of

International Trade from subject matter jurisdiction over this matter.

**B.      Court of International Trade and False Claims Act**

This False Claims Act suit is an issue of first impression before this Court. In 1997, a

False Claims Act action appeared in this Court, but that case was retransferred for lack of subject

matter jurisdiction because it was a *qui tam* suit. *See Allflex*, 21 CIT at 1344. *Allflex* involved a

relator's False Claims Act suit, which arose out of the defendant's failure to pay import duties.

*Allflex* involved two issues: (1) whether False Claims Act cases fell within the exclusive

jurisdiction of the district courts, and if not (2) whether this court had subject matter jurisdiction

over the case pursuant to 28 U.S.C. § 1582. The *Allflex* court first addressed the issue of this

Court's subject matter jurisdiction. The *Allflex* court reasoned that the realtor commenced the

action rather than the government, and thus, this Court lacked subject matter jurisdiction. The

*Allflex* court concluded, "Because this action was not 'commenced by the United States,' it is not

---

[8] Black's Law Dictionary definition of "*qui tam* action" is:

> An action brought under a statute that allows a private person to sue for a
> penalty, part of which the government or some specified public institution
> will receive.

Black's Law Dictionary 1262 (7th ed. 1999).

After statutory examination of 31 U.S.C. § 3730, this Court defined a *qui tam* suit for purposes of
28 U.S.C. § 1582 as that which is "'commenced by' the private actor, not the Government."
*Allflex*, 21 CIT at 1349.

within the subject matter jurisdiction of the court." 21 CIT 1349. Accordingly, the *Allflex* court retransferred the case to the district court. Subsequently, a district court concurred with the *Allflex* decision. "The CIT held [in *Allflex*], and I agree, that the mere fact that the United States is the real party in interest does not necessarily lead to the conclusion that the action was 'commenced by the United States' for the purposes of 28 U.S.C. § 1582." *Vallejo v. Investronica, Inc.*, 2 F.2d 330, 334 (W.D.N.Y. 1998). Because the jurisdictional requirements of 28 U.S.C. § 1582 were not met, the *Allflex* court did not reach the issue of whether False Claims Act actions fall within the exclusive jurisdiction of the district courts.

*Allflex* was a *qui tam* suit and thus turned on the court's interpretation of "commenced by the United States." In contrast, this case is not a *qui tam* suit, and there is no dispute that the action was commenced by the United States, thereby satisfying the jurisdictional requirements of 28 U.S.C. § 1582. Because this Court holds it has subject matter jurisdiction to hear this matter, the issue of the substance of the False Claims Act is once again before this Court. This time, however, the issue is ripe.

### CONCLUSION

For the foregoing reasons, this Court holds that it has subject matter jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1528(3) and 28 U.S.C. § 1340.

 

 /s/ Gregory W. Carman
Gregory W. Carman
Judge

Dated: July 6, 2005
New York, New York

**ERRATUM**

*United States v. Universal Fruits & Vegetables Corp.*, Court No. 04-00431, Slip Op. 05-81, dated July 6, 2005:

Page 12, last line, change "§ 1528(3)" to "§ 1582(3)"

February 10, 2006