**Slip Op. 06-79**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

——————————————————————————
                                        :

**UNITED STATES,**                         :

                        :

            **Plaintiff,**         :

                        :

              **v.**             :  **Before: Carman, Judge**

                        :

**UNIVERSAL FRUITS AND VEGETABLES CORP.,**  :  **Court No. 04-00431**

**DAVID PAI,** *a.k.a.* **SHIH WEI PAI,**    :

**JASON PAI,** *a.k.a.* **CHUNG SHENG PAI,**  :

                        :

            **Defendants.**      :

——————————————————————————:

[For want of jurisdiction, this case is dismissed.]

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanne M. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Alan J. Lo Re and Sean McNamara*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Plaintiff.

*Neville Peterson LLP* (*John M. Peterson and Curtis W. Knauss*), New York, NY, for Defendants.

Dated: May 25, 2006

**OPINION**

**CARMAN, JUDGE:** This Court heard oral argument on March 23, 2006, in this matter. Plaintiff United States brings this action under 31 U.S.C. § 3729(a)(7) (2000), alleging that Defendants Universal Fruits and Vegetables Corporation ("Universal"), founder-president David Pai, a.k.a. Shih Wei Pai ("David Pai"),

and employee-father Jason Pai, a.k.a. Chung Sheng Pai ("Jason

Pai"),[1] fraudulently transhipped and misrepresented the country

of origin of four shipments of fresh garlic as the Republic of

Korea to avoid antidumping duties assessed on fresh garlic from

the People's Republic of China.  Upon consideration of parties'

oral arguments and written submissions, this Court holds that it

does not have jurisdiction over this matter.


### PROCEDURAL HISTORY

On November 2, 2000, Plaintiff commenced this action against

Defendants, alleging violation of 31 U.S.C. § 3729(a)(7)

("FCA"),[2] in the United States District Court, Central District

---

[1] For convenience, this Court will refer to the defendants collectively as "Defendants," unless addressing a particular defendant.

[2] 31 U.S.C. § 3729 is known as the False Claims Act. Section 3729(a)(7), commonly called the "Reverse False Claims Act," states:

> (a)  Liability for certain acts.–Any person who–
>
> . . .
>
> > (7)  knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,
> >
> > is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person. . . .

of California, Western Division ("District Court").  Plaintiff filed a motion for summary judgment.

On December 17, 2001, after a hearing on Plaintiff's motion for summary judgment, the District Court granted judgment in favor of Plaintiff and ordered Defendants Universal and David Pai to pay $1,957,237, and Defendant Jason Pai to pay $1,952,237. *United States v. Universal Fruits & Vegetables Corp.*, No. CV 00-11698-R, 2001 U.S. Dist. LEXIS 25815, at *1-2 (C.D. Cal. Dec. 3, 2001) ("*Universal I*").  The District Court apparently based its award on the actual duties avoided of $644,079, which were trebled, plus $5,000 in civil penalties for each of the four false statements made to the United States Customs Service[3] ("Customs") pursuant to 31 U.S.C. § 3729(a)(7).

On March 13, 2002, Defendants timely appealed, arguing that the District Court lacked subject matter jurisdiction because the United States Court of International Trade ("CIT") has exclusive jurisdiction for actions involving customs duties pursuant to 28 U.S.C. § 1582.

On March 17, 2004, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") reversed for lack of subject matter jurisdiction and dismissed the case.  *United States v. Universal Fruits & Vegetables Corp.*, 362 F.3d 551 (9th Cir. 2004) ("*Universal II*").  On June 2, 2004, upon Plaintiff's request, the

---

[3] Now known as the Bureau of Customs and Border Protection.

Ninth Circuit amended its original decision and remanded the case with instruction to the District Court to transfer the case to this Court pursuant to 28 U.S.C. § 1631 (2000).[4]  *United States v. Universal Fruits & Vegetables Corp.*, 370 F.3d 829 (9th Cir. 2004) ("*Universal III*").  The Ninth Circuit left to this Court "the question of its own jurisdiction."  *Id*. at 836-37 (quotation omitted).  Pursuant to the Ninth Circuit's mandate, the District Court transferred the case to this Court.

On April 20, 2005, this Court held an oral argument to consider the issue of jurisdiction.  Upon consideration of parties' oral presentation and briefs, this Court issued an opinion, with which familiarity is presumed, holding that jurisdiction was plausible.  *United States v. Universal Fruits*, 29 CIT __, 387 F. Supp. 2d 1251 (CIT 2005) ("*Universal IV*").  As Defendants noted, "[t]he Court did not expressly hold, however, that it had jurisdiction to entertain the government's demand for 'damages' (as opposed to [c]ustoms duties), noting that the issue

---

[4] 28 U.S.C. § 1631, in relevant part, states:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . .  the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

was 'ripe' for determination in this case."  Defs.' Mem. of Law and P. of A. in Supp. of Its Mot. to Dismiss Pursuant to 12(b)(5) at 6-7.

Before the Court are Plaintiff's motion for summary judgment and Defendants' motion to dismiss.  Defendants requested oral argument on their motion to dismiss.  The Court granted Defendants' request, and on March 23, 2006, this Court heard oral argument.  This Court cannot reach parties' substantive motions because, upon further consideration, it concludes it lacks jurisdiction to hear Plaintiff's claim.

**JURISDICTION**

Jurisdiction has encumbered this action since the appeal of the District Court's decision.  Although the District Court claimed jurisdiction, the Ninth Circuit reversed and held that the District Court lacked jurisdiction to hear this case because precedent requires "upholding the exclusivity of the [CIT's] jurisdiction" when "faced with conflicts between the broad grants of jurisdiction to the district courts and the grant of exclusive jurisdiction of the [CIT]."  *Universal III*, 370 F.3d at 836 (citation and internal quotations omitted).  The Ninth Circuit opined that "if the government could bring an FCA claim in district court whenever a party fraudulently withholds customs duties, then the exclusive jurisdiction over actions to recover

customs duties in all such instances would become a virtual nullity." (*Id*. at 836.)

After oral argument and consideration of briefs regarding jurisdiction, this Court found that the transfer of this matter from the District Court was plausible. *Universal IV*, 387 F. Supp. 2d at 1254. Because this matter involves avoidance of antidumping duties owed to Customs, both parties asserted jurisdiction in this Court under 28 U.S.C. § 1582(3) (2000).[5] In jurisdictional conflicts between district courts and the CIT, 28 U.S.C. § 1340 (2000)[6] affirms this Court's exclusive jurisdiction. Both parties have repeatedly conceded this Court's jurisdiction to entertain matters regarding customs duties. (*See* Pl.'s Br. Regarding Jurisdiction at 1; Defs.' Br. Concerning the Ct.'s Subject Matter Jurisdiction of This Action at 1;

---

[5] 28 U.S.C. § 1582(3) provides:

> The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States–
>
> . . .
>
> (3) to recover customs duties.

[6] 28 U.S.C. § 1340 provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

Jurisdiction Hr'g Tr. 4, 33, Apr. 20, 2005; Oral Argument Tr. 7, 65-66, Mar. 23, 2006.)  Upon initial consideration of this matter, this Court claimed jurisdiction under 28 U.S.C. § 1582(3) and 28 U.S.C. § 1340.  *Universal IV*, 387 F. Supp. 2d at 1258.  Upon subsequent examination, however, for the following reasons, this Court holds it lacks jurisdiction to grant the relief provided under the False Claims Act.

**A.    False Claims Act**

**1.    FCA Background**

The FCA has a long history.  Originally known as the "Lincoln Law" when enacted in 1863, Congress adopted the FCA to combat subcontractor fraud during the Civil War.  *See* Joan R. Bullock, *The Pebble in the Shoe: Making the Case for the Government Employee*, 60 Tenn. L. Rev. 365, 368-69 (1993).  The FCA's original language allowed any person to bring a FCA action on behalf of the government and collect one-half of the recovery. *Id*. at 369.  On the heels of the United States Supreme Court's ("Supreme Court") broad ruling in *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943),[7] Congress amended the FCA to limit its scope.  Courts restrictively interpreted the new language in the

---

[7] The Supreme Court held that the language of the FCA did not require that a realtor bring any original information to the lawsuit.  *Hess*, 317 U.S. at 537.

1943 Amendments, and the number of FCA lawsuits substantially decreased.  Subsequently, another federal court decision, this time by a narrow reading of the statute, invited Congress to amend the FCA's language.  *See United States ex rel. Wisconsin v. Dean*, 729 F.2d 1100 (7th Cir. 1984).

In response to the *Dean* decision, Congress swung the pendulum of the FCA yet again.  Congress stated, "[S]everal restrictive court interpretations of the [FCA] have emerged which tend to thwart the effectiveness of the statute," and therefore the amendments were "aimed at correcting restrictive interpretations  . . . to make the [FCA] a more effective weapon against Government fraud."  S. Rep. No. 99-345, at 4 (1978), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5269.  The 1986 Amendments "provided incentives for private enforcement, including increased monetary awards, adopted a lower burden of proof, and allowed the *[qui tam]* plaintiff to remain a party to the action even if the Government intervenes."  *United States ex rel. McKenzie v. Bellsouth Telecomm., Inc.*, 123 F.3d 935, 938 (6th Cir. 1997) (quotation and citation omitted).  Among these changes, Congress added the reverse false claims act provision, which broadens the scope of FCA liability to individuals who "make a material misrepresentation to avoid paying money owed the Government . . . as if he had submitted a false claim to receive money."  S. Rep.

No. 99-345, at 18.  The government brings its claim under this provision.

This FCA action is an issue of first impression before this Court.  In 1997, a FCA suit appeared at this court.  *See United States ex rel. Felton v. Allflex USA, Inc.*, 21 CIT 1344, 989 F. Supp. 259 (1997).  The *Allflex* court held it lacked subject matter jurisdiction and retransferred the suit to the district court because it was a *qui tam*[8] suit.[9]  *See id*.  The *Allflex* court, therefore, did not reach merits of the case.  In contrast, this action was commenced by the United States.  Although distinguishable from *Allflex* and for different reasons, this Court also cannot reach the substantive motions before it.

### 2.    Statutory Construction

In its claim for relief, Plaintiff prays for "treble the amount of *actual damages* sustained by the United States, plus such *civil penalties* as are allowable by law against defendants." (Compl., Prayer, ¶ A.)  During oral argument, upon the Court's questioning, Plaintiff asserted that "this is an action to recover damages with reference to duties." (Oral Argument Tr.

---

[8] For purposes of determining the court's jurisdiction, the *Allflex* court defined a *qui tam* suit as that which is "'commenced by' the private actor, not the Government." *Allflex*, 21 CIT at 1349.  This court's exclusive jurisdiction is limited to civil actions "commenced by the United States."  *See* 28 U.S.C. § 1582.

[9] For further discussion of the *Allflex* case, see *Universal IV*, 387 F. Supp. 2d at 1257-58.

59-60). Defendants argued, however, that this is an action to recover duties in the form of damages. (*Id.* at 9.)

The Court now turns to the stated claim and available relief under the FCA. Upon a reading of the statute, the relief granted under the FCA is for damages and civil penalties with no reference to duties. *See* 31 U.S.C. § 3729(a)(7)("liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains"). The Supreme Court has described this current version of the FCA damage provision as "essentially punitive in nature." *Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 784 (2000).

This Court finds that a plain reading of the FCA does not provide for the recovery of any duties, customs or otherwise. The only statutory provision upon which this Court could claim jurisdiction over this matter is if the suit sought "to recover customs duties." 28 U.S.C. § 1582(3). Rather than recovery of actual duties owed, the FCA provides for three times the amount of damages the government sustains, or if construed favoring Plaintiff's prayer, then three times what would have been the duties owed plus civil penalties. However, the customs duties that were owed are not recoverable under the language of the FCA. Because the language of these statutes is at issue, this Court must look to the statutory cannons of construction. An

examination of the entirety of 28 U.S.C. § 1582 sheds light on

the readings of the provision at issue:

> The Court of International Trade shall have exclusive
> jurisdiction of any civil action which arises out of an
> import transaction and which is commenced by the United
> States—
>     (1) to recover a civil penalty under section 592,
> 593A, 641(b)(6), 614(d)(2)(A), 704(i)(2), or 734(i)(2)
> of the Tariff Act of 1930;
>     (2) to recover upon a bond relating to the
> importation of merchandise required by the laws of the
> United States or by the Secretary of the Treasury; or
>     (3) to recover customs duties.

28 U.S.C. § 1582.  The first step in a statutory construction

analysis "is to determine whether the language at issue has a

plain and unambiguous meaning with regard to the particular

dispute in the case." *Barnhart v. Sigmon Coal Co., Inc.*, 534

U.S. 438, 450 (2002) (quotation and citations omitted).  On its

face, section one reads "to recover a civil penalty" applicable

to certain provisions of the Tariff Act of 1930;  section two

reads "to recover upon a bond;" and section three reads "to

recover customs duties."  This Court notes that section one

specifies a "civil penalty" while section three specifies

"customs duties."

This Court finds that the language of 28 U.S.C. § 1582 is

clear and unambiguous: section three does not include recovery of

damages, which is omitted from the entirety of this statute, or

penalties, which is expressly stated only in section one.  It is

well-established that "[w]here Congress includes particular

language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quotation and citation omitted).

Without any support to the contrary, the general presumption of this well-established principle of statutory construction stands in this case. Therefore, this Court's jurisdiction is limited under 28 U.S.C. § 1582(3) to the government's effort to recover only "customs duties" and does not extend to actions to recover "civil penalties" or "damages." However, Plaintiff's complaint characterizes this as an action to recover civil penalties and damages. (Compl. ¶ 1.) This Court cannot shoehorn customs duties into a statute that unequivocally provides for damages and penalties. Although this Court does have the jurisdiction to grant certain civil penalties, this authority is limited to specific statutory provisions that are not before this Court. Accordingly, this Court lacks the jurisdiction to hear Plaintiff's claim.

As noted by the Court of Appeals for the Federal Circuit, "[t]his court can only interpret the statues that are enacted by the Congress. Any changes that parties may seek in order to eliminate a statutory incongruity should be brought to the attention of Congress. We are simply powerless to amend any

statutory provision sua sponte." *Boyer v. West*, 210 F.3d 1351, 1356 (Fed. Cir. 2000). This check also applies to this Court.

Under current construction, this Court lacks the statutory authority to grant Plaintiff its requested relief. This Court is of limited jurisdiction and is not vested with the authority to grant Plaintiff's claim for damages and penalties pursuant to the FCA.

## CONCLUSION

For the reasons stated herein, this Court holds it lacks jurisdiction over this matter.

 /s/ Gregory W. Carman
Gregory W. Carman

Dated: May 25, 2006
New York, New York