**UNITED STATES COURT OF INTERNATIONAL TRADE**

UNITED STATES,

               Plaintiff,

          v.

UNIVERSAL FRUITS AND
VEGETABLES CORPORATION; DAVID
PAI, a/k/a SHIN WEI PAI; and JASON PAI,
a/k/a CHUNG SHENG PAI,

               Defendants.

**Before: Gregory W. Carman, Judge**

Court No. 04-00431

[Defendants' application for fees pursuant to the Equal Access to Justice Act is DENIED for lack of jurisdiction.]

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Alan J. Lo Re, David K. Barret, and Lisa A. Palombo), Sean B. McNamara, of counsel, for Plaintiff.

Carollyn Jackson, Office of the Chief Counsel, U. S. Customs and Border Protection, Department of Homeland Security, of counsel, for Plaintiff.

Neville Peterson LLP (John M. Peterson, Maria E. Celis, and Curtis W. Knauss) for Defendants.

May 16, 2007

**OPINION & ORDER**

**Carman, Judge:** The matter before this Court is Defendants' Application for Fees and Other

Expenses Pursuant to the Equal Access to Justice Act ("Defendants' EAJA Application").

Defendants, David Pai a/k/a Shin Wei Pai ("David Pai"), individually and as the owner of

Universal Fruits and Vegetables Corporation ("Universal Fruits"), and Jason Pai a/k/a Chung

Sheng Pai ("Jason Pai"), move for attorney's fees and expenses following this Court's dismissal

of the underlying suit against them for lack of subject matter jurisdiction.  See United States v.

Universal Fruits & Vegetables Corp., 30 CIT __, 433 F. Supp. 2d 1351, 1351 (2006) ("Universal

Fruits V").  Because this Court lacked jurisdiction to decide the merits of the underlying action,

this Court does not possess jurisdiction to award attorney's fees and expenses to Defendants

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (2000).

Accordingly, this Court denies Defendants' EAJA Application.


## BACKGROUND

The history of this case is a complicated one.  On November 11, 2000, the Government

brought an action against Defendants pursuant to 31 U.S.C. § 3729(a)(7) (2000)[1] in federal

district court for the Central District of California, Western Division ("District Court").  The

Government alleged that Defendants fraudulently misrepresented the country of origin of four

shipments of fresh garlic as the Republic of Korea to avoid antidumping duties assessed on fresh

garlic from the People's Republic of China.  (Compl. & Demand for Jury Trial ¶ 15.)  The

---

[1]31 U.S.C. § 3729 is known as the False Claims Act.  Section 3729(a)(7), commonly
called the "Reverse False Claims Act," provides:
(a) Any person who–
* * *
(7) knowingly makes, uses, or causes to be made or used, a false record or
statement to conceal, avoid, or decrease an obligation to pay or transmit money or
property to the Government,

is liable to the United States Government for a civil penalty of not less than
$5,000 and not more than $10,000, plus 3 times the amount of damages which the
Government sustains because of the act of that person . . . .

District Court granted judgment in favor of the Government and ordered Universal Fruits and

David Pai to pay $1,957,237 and Jason Pai to pay $1,952,237.[2]  United States v. Universal Fruits

& Vegetables Corp., 2001 U.S. Dist. LEXIS 25,815 (C.D. Cal. Dec. 3, 2001) ("Universal Fruits

I").  Defendants timely appealed the judgment, arguing that the District Court lacked jurisdiction

over the case because the United States Court of International Trade ("USCIT") has exclusive

jurisdiction of actions involving customs duties, pursuant to 28 U.S.C. § 1582(3) (2000).  United

States v. Universal Fruits & Vegetables Corp., 362 F.3d 551, 554 (9th Cir. 2004).  The United

States Court of Appeals for the Ninth Circuit ("Ninth Circuit") reversed the District Court's

judgment for lack of subject matter jurisdiction and dismissed the case.  Id. at 558.  Upon the

Government's request, the Ninth Circuit amended its original decision and remanded the case to

the District Court with instructions to transfer the case to the USCIT, pursuant to 28 U.S.C.

§ 1631 (2000).[3]  United States v. Universal Fruits & Vegetables Corp., 370 F.3d 829, 831 (9th

Cir. 2004) ("Universal Fruits III").

This Court preliminarily accepted jurisdiction of the case.  United States v. Universal

Fruits & Vegetables Corp., 29 CIT __, 387 F. Supp. 2d 1251, 1253 (2005).  However, upon

---

[2]"These awards were based on the actual [customs] duties avoided of $644,079, which [were] trebled pursuant to 31 U.S.C. § 3729(a)(7), plus $5,000 in civil penalties for each of the four false statements made to the United States Customs Service, now known as the Bureau of Customs and Border Protection."  United States v. Universal Fruits & Vegetables Corp., 29 CIT __, 387 F. Supp. 2d 1251, 1253 (2005).  The District Court's opinion does not explain the $5,000 difference between the judgments against Universal Fruits and David Pai compared to that of Jason Pai.  See Universal Fruits I, 2001 U.S. Dist. LEXIS at 25,815.

[3]28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall . . . transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time if was filed or noticed."

subsequent examination, this Court dismissed the case for lack of jurisdiction.  Universal Fruits

V, 433 F. Supp. 2d at 1353.  This Court reasoned that the USCIT has jurisdiction only over suits

filed by the Government to recover customs duties, and that in this case the Government sought

to recover penalties and damages, rather than customs duties.[4]  Id. at 1355.  The Government

timely appealed this Court's decision to the Court of Appeals for the Federal Circuit, and the

parties later voluntarily dismissed the appeal.  United States v. Universal Fruits & Vegetables

Corp., 204 Fed. Appx. 881 (Fed. Cir. Oct. 19, 2006).  Thereafter, Defendants timely filed an

application for attorney's fees and expenses with this Court.  (Defs.' EAJA Application.)


### DISCUSSION

Pursuant to USCIT Rule 54.1, "[t]he court may award attorney's fees and expenses where

authorized by law.  Applications must be filed within 30 days after the date of entry by the court

of a final judgment."  USCIT R. 54.1(a).  An application for fees and expenses must "contain a

citation to the authority which authorizes an award, and shall indicate the manner in which the

prerequisites for an award have been fulfilled."  USCIT R. 54.1(b).  Here, Defendants cite the

EAJA as authority for such an award.  The EAJA provides that "a court shall award to a

prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . .

---

[4]The USCIT has jurisdiction to recover penalties in some instances.  28 U.S.C. § 1582(1) provides jurisdiction to the USCIT over suits by the Government "to recover a civil penalty under section 592, 593A, 641(b)(6), 641(d)(2)(A), 704(i)(2), or 734(i)(2) of the Tariff Act of 1930."  However, because the Government pleaded as its cause of action the Reverse False Claims Act, not the Tariff Act of 1930, section 1582(1) does not apply.

brought by or against the United States in any court having jurisdiction of that action . . . .”

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

This Court determined that it lacked jurisdiction over the underlying suit against

Defendants.  Universal Fruits V, 433 F. Supp. 2d at 1353.  Regardless of Defendants’ arguments

regarding the significance of this Court’s determination,[5] it is well-settled by the Court of

Appeals for the Federal Circuit that a trial court cannot award fees pursuant to the EAJA unless

the court possessed jurisdiction to decide the suit underlying the fee application.  See Hudson v.

Principi, 260 F.3d 1357, 1363 (Fed. Cir. 2001) (“This court and others have established that there

cannot be an award of attorney’s fees unless the court has jurisdiction of the action.”); Burkhardt

v. Gober, 232 F.3d 1363, 1367 (Fed. Cir. 2000) (“[W]e interpret the EAJA to extend only to fees

and other expenses incurred before a court . . . having the power to hear and decide the

underlying civil action in which the EAJA applicant incurred those fees and other expenses.”);

---

[5]Defendants argue that this “Court determined, on the merits, that [the Government] was not entitled to recover duties under the [False Claims Act].  The government’s claim for duties, therefore, was dismissed not on jurisdictional grounds, but on the merits.” (Defs.’ Revised Reply Br. Addressed to Application for Atty’s Fees under Equal Access to Justice Act (“Defs.’ Reply”) 5 (emphasis added)).  Defendants incorrectly characterize this Court’s decision.  This Court merely determined that the Government’s claim under the Reverse False Claims Act was to recover “civil penalties and damages,” Universal Fruits V, 433 F. Supp. 2d at 1355, not duties.  This Court made no determination on the merits of the Government’s Reverse False Claims Act claim.

In fact, the only court to decide the merits of this case, the District Court, specifically found for the Government on their Reverse False Claims Act claim.  Universal Fruits I, 2001 U.S. Dist. LEXIS at 25,815.  Of course, the Ninth Circuit reversed the District Court’s decision for lack of subject matter jurisdiction and ordered the District Court to transfer the case to this Court, but did not address the merits of the District Court’s decision.  Universal Fruits III, 370 F.3d at 831.  No court at any point in the complicated history of this case has ruled for Defendants on the merits.  The irony of Defendants now claiming to be “prevailing parties” is not lost on this Court.

RAMCOR Servs. Group, Inc. v. United States, 185 F.3d 1286, 1288 (Fed. Cir. 1999) ("As a predicate to an EAJA award, the awarding court must have had jurisdiction over the civil action in which the applying party prevailed."); Johns-Manville Corp. v. United States, 893 F.2d 324, 328 (Fed. Cir. 1989) (The EAJA "authorizes an award of costs only in a court 'having jurisdiction of such action'. . . . Because the [trial court] did not have jurisdiction over the civil actions brought by [the plaintiff] in this case, [the EAJA] is inapplicable and does not empower the [trial court] to award costs."); Oliveira v. United States, 827 F.2d 735, 742 (Fed. Cir. 1987) ("The EAJA specifically requires, as a basis for an award of attorney fees and other expenses, that the action be brought before a 'court having jurisdiction.'" (citation omitted)).  Having ruled that it did not possess jurisdiction over the subject matter of the Government's case, this Court similarly lacks jurisdiction to award Defendants attorney's fees or expenses pursuant to their EAJA Application.

## CONCLUSION

Based on the foregoing, this Court denies Defendants' EAJA Application for lack of jurisdiction.  Judgment will enter accordingly.

__/s/_Gregory_W._Carman____
Gregory W. Carman

Dated: May 16, 2007
New York, NY

**Slip Op. 07-78**

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr>
<td>

UNITED STATES,

                 Plaintiff,

       v.

UNIVERSAL FRUITS AND
VEGETABLES CORPORATION; DAVID
PAI, a/k/a SHIN WEI PAI; and JASON PAI,
a/k/a CHUNG SHENG PAI,

                 Defendants.

</td>
<td>

**Before: Gregory W. Carman, Judge**

Court No. 04-00431

</td>
</tr>
</table>

## JUDGMENT

Upon consideration of the papers submitted by the parties, and upon due deliberation, it is hereby

**ORDERED** that Defendants' Application for Fees and Other Expenses Pursuant to the Equal Access to Justice Act is denied for lack of jurisdiction.

The Clerk of the Court is directed to forward copies of this Judgment to counsel for the parties.

 

                                                ____/s/_Gregory_W._Carman____
                                                  Gregory W. Carman

Dated: May 16, 2007
       New York, New York